STATE EX REL. REED *v.* LAPORTE SUPERIOR COURT,
SALLWASSER, JUDGE.

[No. 0-662. Filed November 18, 1963.]

*Orrin Reed, pro se.*

LANDIS, J.—This is an original action for writ of mandate in this Court in which relator has asked that respondent be required to appoint pauper counsel to represent relator and perfect an appeal from his judgment of conviction for the crime of safe burglary for which relator was sentenced for a term of five to ten years in the Indiana State Prison. Relator has also asked that respondent be mandated to furnish him a transcript at public expense. We issued the alternative writ.

From relator's petition and respondent's return it appears that relator was tried by a jury resulting in his conviction and sentence as aforesaid. That relator was

represented at such trial by pauper counsel but that after the trial was concluded and a motion for new trial was overruled relator's trial counsel withdrew from the case. Thereafter relator's application for the appointment of pauper counsel for the taking of an appeal and his petition for a transcript were denied. Within ninety days from the overruling of his motion for new trial relator filed in this Court his petition for extension of time to perfect his appeal to this Court which petition is still pending before this Court.

It therefore appears that the accused has preserved his rights to take an appeal within the regular time provided by statute, which under Burns' §9-2301 ■ (1956 Repl.), may be taken by an accused as a matter of right, viz:

"An appeal to the Supreme Court . . . may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed." Acts 1905, ch. 169, §324, p. 584.

Under authority of *State ex rel. Grecco* v. *Allen Cir. Ct. et al.* (1958), 238 Ind. 571, 153 N. E. 2d 914, and the cases therein cited, we must hold in this case ■ that relator as a pauper is entitled to be represented by counsel at public expense in the prosecution of the regular appeal from his judgment of conviction to this Court. He is also in our judgment here entitled to a transcript at public expense, upon request of such counsel. See also: *Lane* v. *Brown* (1963), 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892.

The alternative writ of mandate heretofore issued is now made permanent, and relator is granted time to and

including January 20, 1964, within which to file his transcript and assignment of errors in appealing from his judgment of conviction in the LaPorte Superior Court.

Myers, C. J., and Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 904.