INDIANA SUBURBAN SEWERS, INC., AND SUBURBAN SERVICES, INC. *v.* AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY AND JOHN DEHNER, INC.

[No. 873S154. Filed February 20, 1974.]

On August 2, 1973, the defendants in the above-entitled cause, filed with the Clerk of the Allen Circuit Court a "Praecipe To Clerk To Forthwith Give Notice, Pursuant To Rule TR. 53.1(B)." The Clerk of the Allen Circuit Court in turn gave the following notice to Mr. Billie R. McCullough, Clerk of the Supreme Court and Court of Appeals, Gene B. Lee, Special Judge, Allen Superior Court, and Alfred W. Moellering, Judge, Allen Superior Court:

> "You are hereby given written notice by me, the Clerk of the Allen Circuit Court, that on August 2, 1973, at 2:35 o'clock P.M., Eastern Standard Time, as duly entered in the praecipe book and as herein endorsed, defendants in the above-entitled cause, Indiana Suburban Sewers, Inc. and Suburban Services, Inc. filed with me, as Clerk, their 'PRAECIPE TO CLERK TO FORTHWITH GIVE NOTICE, PURSUANT TO RULE TR 53.1(B)', which set forth as borne out by the record, that the judge before whom the above entitled cause is pending, has failed to enter a ruling on said defendants' Rule TR 60(B) Motion within thirty (30) days after said Motion was filed on February 8, 1973, and that the submission of said Motion is withdrawn and that said judge is disqualified in said cause, effective as of said time and date of filing said praecipe."

We believe that this notice was prematurely filed, and we view it as a tactical circumvention of Indiana appellate procedure.

This Court decided the original action case of *State ex rel.*

*Indiana Suburban Sewers, et al., relators* v. *Robert D. Hanson, Clerk of the Allen Circuit Court, respondent,* on May 30, 1973. (373 S 57) A petition for rehearing was filed by defendants and denied on September 25, 1973.

The above notice provided by the Clerk of the Allen Circuit Court is in relation to Allen Superior Court cause number S-72-1482, which is the same case decided by this Court on May 30, 1973. The notice, issued by the Clerk of the Allen Circuit Court, had no validity during the pendency of the petition for rehearing. During that period of time, the Allen Superior Court's jurisdiction was held in abeyance. Judge Lee, the Special Judge in the case, could not have acted on the TR. 60(B) motion, because the issue of his jurisdiction to so act was still pending before this Court.

Notwithstanding the above-stated procedural defect, defendant's position that the motion be removed from Judge Lee and a special judge appointed is utterly without merit. This Court in our opinion of May 30, 1973, *conclusively* held that Judge Lee in proceeding on defendant's TR. 60(B) motion complied with all requirements of TR. 53.1(B).

Defendants, on January 21, 1974, filed a petition with this Court entitled "Affidavit in Support of Clerk's Certification of August 10, 1973." In said petition, defendants advance the following argument:

On April 24, 1973, defendants filed a motion to strike and/or expunge a petition for a writ of assistance filed by the City of Fort Wayne. After over 100 days allegedly lapsed without a ruling on said motion, the defendants, on August 2, 1973, filed their "Praecipe to Clerk To Forthwith Give Notice Of Withdrawal Of Submission and Disqualification, Pursuant To Rule TR. 53.1(B)." On August 10, 1973, the Clerk of the Allen Circuit Court duly gave the above-quoted notice of withdrawal and disqualification. Therefore, defendants are allegedly entitled to the appointment of a special judge pursuant to TR. 53.1(A).

We reject this argument on two grounds. First, the Clerk of the Allen Circuit Court never notified this Court of the trial court's failure to rule on any motion to expunge and/or strike a petition for a writ of assistance. The only notice before this Court, as required by TR. 53.1, is the notice given by the Clerk on August 10, 1973. That notice refers only to the trial court's failure to timely rule on a TR. 60 (B) motion. Apparently defendants would have us believe that somehow this notice suffices as notice for failure to rule on their motion to expunge and/or strike. Such a position is simply ludicrous and greatly strains the credulity of this Court. TR. 53.1 (B) requires a specific notification delineating the exact reasons for withdrawal and disqualification. The fact of the matter is that the defendants glossed over this issue and, for good reason.

Secondly, the trial court did act in accordance with the dictates of TR. 53.1. Defendants filed their motion to expunge and/or strike on April 24, 1973. The trial court granted the writ of assistance on May 17, 1973. Even though the trial court did not specifically rule on the April 24 motion, it impliedly overruled said motion by granting the writ.

Therefore, notice of the Clerk of the Allen Circuit Court disqualifying Judge Lee is hereby ordered stricken, and the request for the appointment of a special judge is hereby denied.

All of which is ordered this 20th day of February, 1974.

. Donald H. Hunter, Acting Chief Justice.

All justices concur.

NOTE.—Reported in 307 N. E. 2d 455.