GARY W. PALMER, RICHARD PALMER *v.* THE STATE OF INDIANA, THE CITY OF TELL CITY, A MUNICIPAL CORPORATION, JOSEPH MERIMEE AND RICHARD M. SIMPSON.

[No. 1-576A80. Filed May 31, 1977.]

*Gerald G. Fuchs, Raymond P. Knoll,* of Evansville, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, *Ralph Zoercher, Becker & Huber,* of Tell City, for appellees.

ROBERTSON, C.J.—From a grant of summary judgment to defendants State of Indiana, City of Tell City, and Richard Simpson, plaintiffs-appellants, Gary and Richard Palmer (Palmer), bring this appeal.

Palmer raises the following five issues for our review:

1. Whether the trial court erred in considering as evidence certain supporting affidavits.

2. Whether the trial court erred in failing to consider or use as evidence certain depositions and State Police Regulations.

3. Whether the trial court erred in failing to strike the affidavits of Max J. Bruggenschmidt and Joseph B. Merimee, and whether the trial court erred in considering the affidavits as evidence in arriving at its decision.

4. Whether there were genuine issues as to material facts to be determined by the trier of fact and not by the trial court as a matter of law.

5. Whether the trial court erred in failing to designate the issues upon which it found no genuine issues as to any material facts and in failing to expressly direct in writing, entry of judgment as to less than all of the issues.

We affirm in part and reverse in part.

The record reveals the following facts pertinent to this appeal.

On January 5, 1974, at approximately 9:30 P.M., Gary Palmer was sledding on Franklin Street in Tell City, Indiana. Palmer was accompanied by Joseph Merimee, an Indiana State policeman, and Darrell Schauberger. As the three individuals proceeded down Franklin Street on the sled, two cars started up the street. One of the cars made a left turn at an intersection, and Palmer, the sled's driver, quickly swerved to avoid the car, throwing Merimee and Schauberger from the sled. Palmer remained on the sled until he collided with the second car. Palmer was severely injured in the collision and was rushed to the hospital.

On July 23, 1974, Palmer initiated this suit. On August 8, 1974, the complaint was amended to include the State of Indiana as a party defendant. Thereafter, defendants Richard Simpson, City of Tell City, and the State of Indiana moved for summary judgment. The trial court granted all three motions for summary judgment, and Palmer now appeals from the trial court's rulings.

Initially, Palmer contends that the trial court erred in considering six affidavits as evidence in ruling on the motions

for summary judgment because there was no order book entry in the record showing that the affidavits were filed or placed in evidence.

We find no merit to this contention. While Palmer correctly asserts that a court speaks through its record, which is its order book, our review of the transcript shows that all the complained of affidavits were referred to and incorporated in the motions for summary judgment, which motions were duly filed and noted in the trial court's order book. We are of the opinion that this procedure was sufficient to satisfy the rule requiring the court to speak through its order book. Thus, we find no error in the trial court's consideration of these affidavits.

Palmer next argues that the trial court committed error by failing to consider as evidence certain depositions and State Police Regulations prior to its ruling on the motions for summary judgment.

Again, this contention is without merit. On January 9, 1976, Palmer filed an entry nunc pro tunc of October 14, 1975, which offered the depositions and regulations in opposition to the motions for summary judgment. The record shows that the trial court did admit into evidence, by order book entry of January 19, 1976, the depositions and regulations offered by Palmer in the motion for nunc pro tunc entry. We can only presume that the trial court considered the depositions and regulations when making its rulings on the motions for summary judgment.

Palmer contends next that the trial court erred in failing to strike the affidavits of Max J. Bruggenschmidt and Joseph B. Merrimee.

Palmer moved to strike the affidavits as being in violation of Trial Rule 56 (E) which requires that supporting affidavits, to be sufficient, must be made on personal knowledge, must show that the affiant is competent to testify to the matters included, and must set forth such facts as would be admissible into evidence. The assertion of

conclusions of law or opinions by one not qualified to testify to such, by affidavit, will not suffice. *Renn* v. *Davidson's Southport Lumber Co., Inc.* (1973), 157 Ind. App. 446, 300 N.E.2d 682; *Newell* v. *Standard Land Corporation* (1973), 156 Ind. App. 597, 297 N.E.2d 842; *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

The affidavit of Max J. Bruggenschmidt states that the Indiana State Police did not "sanction, sponsor, promote, supervise, engage in, or control public sledding activities upon any public street or roadway in Tell City, Indiana, through any of its employees, agents, directives or otherwise." The affidavit of Joseph Merimee states that Merimee was not on duty for the State of Indiana or the Indiana State Police at the time of the accident. Palmer argues that these affidavits contain conclusions of law and fact which were within the province of the trier of fact to decide and thus should not have been considered by the trial court in ruling on the motions for summary judgment.

This Court stated in *Reith-Riley Construction Company, Inc.* v. *McCarrell* (1975), 163 Ind. App. 613, 325 N.E.2d 844, that the trial judge in *his* discretion may permit testimony from a lay witness in the form of an opinion where the evidence is otherwise admissible, even though the opinion testimony goes to an ultimate issue of fact. The Court held that the trial judge in exercising his discretion should consider the nature of the issue and the offered opinion in light of all the attendant circumstances of the particular case.

Here, the affidavits of Bruggenschmidt and Merimee were based upon the personal knowledge of two State Police Officers as to the working hours of Officer Merimee and the role, or lack thereof, which the Indiana State Police had in the sledding activities at Tell City on the evening in question.

The trial court was within its discretion in considering such evidence particularly in light of the trial court's duty to con-

strue all of the information offered by the parties liberally in favor of the opponents of the motion for summary judgment. The court's failure to rule specifically on Palmer's motion to strike the affidavits of Bruggenschmidt and Merimee was erroneous; however, the error was harmless. Even though the trial court did not specifically rule on the motion, it impliedly overruled said motion by granting the motion for summary judgment. *See: Indiana Suburban Sewers, Inc.* v. *American Fletcher National Bank & Trust Co.* (1974), 261 Ind. 544, 307 N.E.2d 455.

In his final two issues, Palmer contends that the trial court committed reversible error for the following reasons: (a) genuine issues of material fact existed, making summary judgment inappropriate; and (b) the issues upon which no genuine issues of material fact were found were not specifically designated. We choose to address these issues together.

The Indiana Rules of Civil Procedure, Trial Rule 56(C) provides that summary judgment shall be rendered: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Upon review of a grant of summary judgment, this Court must determine if there is any issue of material fact, and whether the law was correctly applied.

The burden is upon the moving party to establish that no material facts are in genuine issue. *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288, and any doubt as to the existence of a genuine issue of a material fact must be resolved against the moving party. *McGinnis* v. *Public Service Co. of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708; *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487. Accordingly, for purposes of determining whether to grant the motion, facts set forth

in the non-moving party's affidavits are taken as true, and products of discovery are liberally construed in his favor. *Podgorny* v. *Great Central Insurance Co., supra.* Even if the facts are not in dispute, summary judgment is not appropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Yerkes* v. *Washington Manufacturing Co., Inc.* (1975), 163 Ind. App. 692, 326 N.E.2d 629.

As to defendant City of Tell City (City), we find no genuuine issue as to the material facts set forth.

The Indiana statute governing tort liability of municipalities in effect on January 5, 1974, the date of the accident, reads, in part, as follows:

> "Notice of claims against cities and towns.—Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city * * * * * * * * * * * * * * *, a written notice of the occurrence complained of, * * * * * * * * * * * * *. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty (60) days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, *except that where snow or ice is associated with the occurrence as the cause thereof, in whole or in part, such notice shall be so served within* thirty (30) days after such occurrence". (Emphasis added). IC 1971; 18-2-2-1. (Burns Code Ed.).

Palmer alleges that notice was given to the City within 180 days of the accident as is required by the Indiana Tort Claims statute, IC 1971, 34-4-16.5-7 (Burns Supp. 1976), which was passed and became effective on February 19, 1974.

It is clear that the thirty-day period during which notice was required, under IC 1971, 18-2-2-1 expired on February

4, fully two weeks prior to the passage and effective date of the new Tort Claims Act. The established rule in this State is that:

> "Statutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective. (Citations omitted.).
>
> Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, *and no new rights are given* or existing rights taken away, and only a new remedy is afforded for the enforcement of an existing right, the Statutes may be given a retroactive operation. A retroactive statute must not take away an existing right or *give a new* right, but can only provide a new remedy to enforce an existing rights." (Original emphasis.) *Melone* v. *Conner* (1963), 135 Ind. App. 167 at 170, 189 N.E.2d 590 at 591.

In the case at bar, then, IC 1971, 18-2-2-1 was the applicable statute under which Palmer was required to file claims against the City.

The Indiana Courts have interpreted the filing of requisite notice to be a procedural step necessary to bringing an action against a municipal defendant. Plaintiff need not plead fulfillment of the requirement of filing notice; and in order to raise the issue defendant must *specifically assert* plaintiff's failure to give notice as a defense in his responsive pleading or answer to plaintiff's complaint. The question of notice would thus be placed in issue, and plaintiff would have the burden of showing compliance with the statutory notice requirements. *Thompson* v. *City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839; *Geyer* v. *City of Logansport* (1976), Ind. App., 346 N.E.2d 634.

Although the City did not assert Palmer's failure to file notice in its answer to the original complaint, the City did file a third paragraph in answer to Palmer's amended complaint which stated that his failure to serve notice was a bar to the action. We believe that defendant Tell City has successfully asserted lack of notice as a defense to plaintiff's complaint. The City's motion for summary judgment under

TR. 56, along with its general denial, places the burden of proving compliance with the statute upon Palmer.

By his own admission, Palmer failed to give the required notice to the City within the statutory period of 30 days after the accident, and since his failure to do so operates as a complete bar to the maintenance of this action against the City, we therefore affirm the summary judgment granted by the trial court to the City.

With reference to defendants, State of Indiana and Richard Simpson, Palmer asserts that there are genuine issues as to the negligence of defendant Richard Simpson and Joseph Merimee, and as to whether or not the negligence of Merimee could be attributed to the State of Indiana, "by way of agency or otherwise."

The facts offered through affidavits and depositions show that Palmer was injured when the sled upon which he was riding struck the vehicle of defendant Richard Simpson. Palmer was sledding down Franklin Street, a hilly street which was ice-covered on January 5, 1974, and as Palmer and two other riders came down Franklin Street, two cars were proceeding up the street which was open to vehicular traffic. When the first car turned at the intersection of 21st Street and Franklin, Palmer swerved to avoid hitting that car, dislodged his two passengers, including defendant Joseph Merimee, and struck the second car. Simpson, in the second car, had stopped on Franklin Street and was waiting for the first car to clear the intersection so he could also turn left onto 21st Street.

The question of negligence arises as to Simpson's driving his automobile upon Franklin Street, which he knew as being used for sledding, and in failing to heed the warning flares placed on the street at the bottom of the hill, as well as Simpson's failure to either give warning to any sledders of his approach or to keep a reasonable lookout for them. Palmer asserts that there is also a genuine issue of fact as to whether

Merimee, whose case is not before us, was guilty of negligence which proximately contributed to Palmer's injuries. Merimee, an Indiana State Policeman, had placed and maintained flares on Franklin Street at the bottom of the hill, had called the City of Tell City urging it to barricade the street and close it to traffic, and was riding on the sled immediately before Palmer struck the Simpson vehicle.

Indiana recognizes the following elements of negligence: (1) a duty; (2) the failure to adopt the standard of care which is required by the duty; and (3) an injury resulting from breach of the standard of care. *Miller* v. *Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701.

The question of whether the law recognizes a duty flowing from the defendant to a particular plaintiff is a question of law for the trial court. *Miller* v. *Griesel, supra.*

The trial court here specifically found that there were no genuine issues of fact to be submitted to the court in either the case of defendant State of Indiana or defendant Simpson, though specific issues were not set forth.

This Court is without specific guidance by the trial court as to the issues it considered and upon which it found no genuine issues of material facts, as is required by the Indiana Rules of Civil Procedure, TR. 56 (C).

The failure of the trial court to designate such issues and claims frustrates appellate review of this decision not only as to the issue of negligence by Merimee and Simpson, but also as to the court's finding of whether Merimee was acting in an agency relationship with the State of Indiana at the time of the accident.

We therefore reverse the entry of summary judgment as to defendants Simpson and the State of Indiana, with instructions to the court to reconsider the motions for summary judgment in light of this opinion, and to state with particularity the reasons for granting summary judgment.

The entry of summary judgment in favor of the City of Tell City is affirmed, and the entry of summary judgment as to defendant Simpson and the State of Indiana is reversed with instructions.

Lowdermilk, J., concurs.

Buchanan, J. (participating by designation), concurs.

NOTE.—Reported at 363 N.E.2d 1245.