**Wilson FIELDS, Jr.,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–378A61.**

Court of Appeals of Indiana,
First District.

Feb. 20, 1979.

Wilson Fields, Jr., pro se.

LOWDERMILK, Judge.

## ON PETITION FOR REHEARING

Defendant-appellant Wilson Fields, Jr. (Fields) has filed his petition for rehearing, *pro se,* to which plaintiff-appellee State of Indiana (State) has filed no response.

This court filed its memorandum opinion October 17, 1978, affirming Fields' convictions of operating a vehicle on a public highway without displaying a vehicle inspection sticker, fleeing from a police officer, and driving recklessly.

A party may raise in his petition for rehearing only those issues which were presented at the first hearing but overlooked or improperly decided. *Stucker v. College Life Ins. Co.,* (1965) 139 Ind.App. 422, 211 N.E.2d 320.

In his petition for rehearing, Fields challenges certain events which occurred after we filed our opinion October 17, 1978. Having carefully considered the nature of the issue which he presents and the result of the events which he challenges, we deem it appropriate to respond to Fields' argument rather than question the procedure he has invoked for presenting it.[1]

After this court affirmed Fields' convictions, the Public Defender (who represented Fields in bringing his appeal in this court) advised him that no basis could be found for pursuing the appeal further. Fields demanded continued representation so that he could appeal to the Supreme Court of Indiana and to the Supreme Court of the United States if necessary.

The Public Defender filed a petition for instruction seeking the advice of the trial court as to whether or not the Public Defender had a duty to continue representing Fields when the Public Defender could find no meritorious arguments to present in pursuing appeals to courts of higher authority. The trial court informed the Public Defender that, pursuant to *Ross v. Moffitt,* (1974) 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341, the Public Defender was not obligated to continue representing Fields.

█ Because the trial court was without jurisdiction of the cause at the time it ruled on the Public Defender's petition,[2] we must agree with Fields that the trial court erred.

█ The key issue remains, however: Is Wilson Fields entitled to receive continued representation by an attorney provided Fields without cost to him so that Fields can pursue appeals to the Supreme Court of Indiana and to the Supreme Court of the United States after this Court of Appeals has affirmed the convictions entered by the trial court and after the Public Defender has reached the conclusion that appeals taken to courts of higher authority will be fruitless?

In *State ex rel. White v. Hilgemann,* (1941) 218 Ind. 572, 34 N.E.2d 129, our Supreme Court considered the right of a defendant in a criminal action to have counsel provided for perfecting and prosecuting an appeal. Our Supreme Court reasoned:

" . . . The review by appeal contemplates an examination of the record to discover whether there was error prejudicial to the defendant's substantial rights. This examination cannot be had until a proper record and a proper assignment of error and a proper brief are presented to this court. If a defendant is denied counsel he is effectively deprived of the right to review contemplated by both Constitutions. * * * "[3]

In *Ross v. Moffitt,* (1974) 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341, the Supreme Court of the United States responded to Moffitt's demand that he be provided coun-

---

1. See *In Re Estate of Fanning,* (1975) 263 Ind. 414, 333 N.E.2d 80.

2. The appellate tribunal retains jurisdiction of a cause until after the time has expired for the filing of a petition for rehearing or until after a ruling is made on a petition for rehearing. Ind. Rules of Procedure, Appellate Rule 11(A); *Ind.*

*Suburban Sewers, Inc. v. American Fletcher National Bank & Trust Co.,* (1974) 261 Ind. 544, 307 N.E.2d 455.

3. 218 Ind. at 578, 34 N.E.2d at 131. See also *State ex rel. Reed v. La Porte Superior Court,* (1963) 244 Ind. 479, 193 N.E.2d 904.

sel to pursue an appeal to the Supreme Court of North Carolina after the Court of Appeals of that state had affirmed his conviction. Justice Rehnquist wrote:

"The facts show that respondent, in connection with his Mecklenburg County conviction, received the benefit of counsel in examining the record of his trial and in preparing an appellate brief on his behalf for the state Court of Appeals. Thus, prior to his seeking discretionary review in the State Supreme Court, his claims had 'once been presented by a lawyer and passed upon by the appellate court.' *Douglas v. California* [1963] 372 U.S. [353], at 356, 83 S.Ct. [814], at 816, [9 L.Ed.2d 811.] We do not believe that it can be said, therefore, that a defendant in respondent's circumstances is denied meaningful access to the North Carolina Supreme Court simply because the State does not appoint counsel to aid him in seeking review in that court. At that stage he will have, at the very least, a transcript or other record of trial proceedings, a brief on his behalf in the Court of Appeals setting forth his claims of error, and in many cases an opinion by the Court of Appeals disposing of his case. These materials, supplemented by whatever submission respondent may make pro se, would appear to provide the Supreme Court of North Carolina with an adequate basis for its decision to grant or deny review." [4] (Our insertions)

In the case at bar, Fields was provided the assistance of counsel in bringing his appeal to this court; and this court affirmed his convictions after carefully considering each argument presented. Fields has a transcript from the proceedings in the trial court, a brief prepared by counsel on his behalf in the proceedings in the Court of Appeals, and an opinion written by this court disposing of his case.

Justice Frankfurter made the following statement in his concurring opinion in *Griffin v. State of Illinois,* (1959) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891:

". . . When a State not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public moneys not needlessly spent. The growing experience of reforms in appellate procedure and sensible, economic modes for securing review still to be devised, may be drawn upon to the end that the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process. * * * " [5]

Justice Rehnquist explained in *Ross v. Moffitt, supra* :

". . . the fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process. . . . " [6]

We hold that Fields has been deprived of no constitutionally protected right.

Any other issues raised for the first time by Fields in his petition for rehearing we deem waived. *Stucker v. College Life Ins. Co., supra.*

Petition for Rehearing denied.

LYBROOK, P. J., and ROBERTSON, J., concur.

---

**4.** 94 S.Ct. at 2446.

**5.** 76 S.Ct. at 593.

**6.** 94 S.Ct. at 2447.