**PELTZ CONSTRUCTION COMPANY, Appellant-Defendant,**

v.

**Enid DUNHAM, Appellee-Plaintiff.**

No. 4–781A68.

Court of Appeals of Indiana, Fourth District.

June 24, 1982.

Timothy S. Schafer, Schafer & Schafer, Merrillville, for appellant-defendant.

David C. Field, Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for appellee-plaintiff.

CONOVER, Judge.

Peltz Construction Company (Peltz) appeals the trial court's award of damages to Enid Dunham (Dunham) for breach of warranty. We affirm.

ISSUE

The sole issue on appeal is whether there is sufficient evidence to sustain the trial court's decision.

FACTS

The evidence most favorable to the judgment is that on July 7, 1969, Dunham and her now deceased husband contracted with Peltz to waterproof their basement and to do some other construction work. The written agreement included a sentence which read, "Water problem will Be Guaranteed for as long as Customer lives in house." Within a year after the work was completed, flooding occurred in the basement. Several times in the following years, when it rained, the basement would have water in it. The amount of water ranged from under one inch to approximately four feet. The flooding was caused by seepage which resulted from the improper installation or construction of the drainage system. The trial court awarded damages to Dunham in the amount of $4,500; specifically,

$3,500 as the amount necessary to properly waterproof the basement and $1,000 for the loss of personal property.

## DISCUSSION AND DECISION

Peltz argues the evidence presented to the trial court is insufficient to sustain the decision. It claims there is insufficient evidence as to a breach of warranty and as to the causation relationship of any breach to any damage. We disagree.

### I.

### STANDARD OF REVIEW

In an appeal challenging the sufficiency of the evidence to support the trial court's decision, the standard is clear.

"Our standard of review provides that if there exists evidence of probative value to support the trial court's judgment, we must affirm. We will not weigh the evidence or judge the credibility of witnesses, but will only consider the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. The judgment of the trial court must be affirmed if it can be sustained by any legal theory which is supported by the evidence. *Central Indiana Carpenters Welfare v. Ellis*, (1981) Ind.App., 412 N.E.2d 865."

*Beck v. Indiana Surveying Co.*, (1981) Ind. App., 429 N.E.2d 264, 267.

### II.

### BREACH OF WARRANTY

Peltz argues the elements required of a breach of warranty action are: 1) the existence of a warranty; 2) the breach of that warranty; 3) causation and 4) resulting damage. It claims Dunham was required to prove each of these elements regardless of whether we apply the Uniform Commercial Code (U.C.C.) or the common law of contracts to this case. It then claims Dunham failed to satisfy her burden at trial.

Indiana's version of the U.C.C.—Sales is found in Ind.Code 26-1-2-101 *et seq.* These statutory sections only apply to "goods" which are defined, in part, as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale . . . ."[1] The question here is whether the construction and installation of a home drainage system fits within this definition.

In *Stephenson v. Frazier*, (1980) Ind. App., 399 N.E.2d 794, this court held the construction and installation of a septic system and foundation for a modular home did not constitute a sale of goods. We held:

"The part of the contract relating to the construction of the foundation and installation of the septic system, however, does not fall within the definition of 'goods.' These contractual provisions were for the performance of services and thus the issues pertaining to them must be determined by common law contract principles."

*Id.* at 797. The similarity between a septic system and a drainage system is clear. The installation of both require an excavation, the placing of certain pipes or tiles in the ground in the proper location and the filling in once again of the excavation. While the installation contract for each of these systems usually includes the cost of the materials to be installed, this does not constitute a sale of goods. Therefore, this contract is not one for "goods" as defined by the U.C.C. Instead it is to be governed and interpreted under the common law of contracts.

In Indiana, a contract action which alleges a breach of warranty requires proof of four factors: 1) the existence of a warranty; 2) the breach of that warranty; 3) causation and 4) resulting damage.[2] *Peterson v. Culver Educational Foundation*, (1980) Ind.App., 402 N.E.2d 448, 461. *See also* 6 I.L.E. *Contracts* § 237 (1958).

*See Richards v. Goerg Boat and Motors, Inc.*, (1979) Ind.App., 384 N.E.2d 1084, 1090.

---

1. Ind.Code 26-1-2-105(1).

2. These are the same elements required to show a breach of warranty under the U.C.C.

■ Concerning the existence of a warranty in this case, Dunham entered into evidence a copy of the written agreement executed by herself, her husband and Peltz. Included in that contract were the words, "Water problem will Be Guaranteed for as long as Customer lives in house." The written agreement provided that it was subject to Peltz's approval. It was not approved as written. A few days after Dunham signed the agreement, Peltz orally informed Mr. Dunham that such an absolute warranty was unacceptable. Rather, it could only warrant that the work would be done in a workmanlike manner and with good materials. He would not be responsible for acts of God or negligence by the owner. Mr. Dunham agreed. At trial, Mrs. Dunham agreed such was the understanding.

The next issue is whether there was a breach of that warranty. "The standard to be applied in determining whether or not there has been a breach of warranty is one of reasonableness in light of surrounding circumstances." *Barnes v. MacBrown and Company, Inc.,* (1976) 264 Ind. 227, 229, 342 N.E.2d 619, 621. Here, Dunham had water in her basement on several occasions, the water leaking through the cinder block walls and cracks in the floor on such occasions. This was substantial evidence the warranty had been breached.[3]

### III.

### CAUSATION AND DAMAGES

■ Peltz further argues that there was insufficient evidence concerning the causation of damages. Proof was submitted by both parties regarding a flooding in 1976. In that instance, Dunham testified there was four feet of water in her basement due to seepage. Peltz testified it would be impossible to accumulate that amount of water due to seepage. It claimed such an amount could only have been caused by a sewer back up.

In Indiana, "the trial judge in *his* discretion may permit testimony from a lay witness in the form of an opinion where the evidence is otherwise admissible, even though the opinion testimony goes to an ultimate issue of fact." *Palmer v. State,* (1977) 173 Ind.App. 208, 363 N.E.2d 1245, 1248 (emphasis in original).[4] Under our standard of review, we will not overturn a decision when there is probative evidence to support it. *Zack v. Smith,* (1982) Ind.App., 429 N.E.2d 983, 984-85. There is sufficient evidence of probative value to sustain causation.

■ Dunham next presented evidence as to the damages she suffered due to the water in her basement. She testified about the damage done to numerous articles of personal property in the 1976 flooding. The trial court's award of $1,000 for loss of personal property and $3,500 as the amount necessary to properly waterproof the basement was within the evidence. We find no error.

The judgment is affirmed.

MILLER, P. J., and YOUNG, J., concur.

---

3. Contrary to Peltz's argument, a plaintiff need not prove why such a system failed but only that it did fail. *Orto v. Jackson,* (1980) Ind. App., 413 N.E.2d 273, 277.

4. Since Peltz did not object to the admission of this opinion at trial, any issue as to its probative value and admissibility is waived.