OPINION ON REHEARING



**FILED**
Jul 20 2016, 8:19 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason D. May
Law Office of Jason D. May, LLC
Indianapolis, Indiana

Samuel D. Krahulik
The Hastings Law Firm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Pamela G. Schneeman
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

Kevin C. Schiferl
Anthony W. Overholt
Alexander P. Will
Darren A. Craig
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barbara Hill, individually and as guardian of Charles Hill, incapacitated, and as next friend of Alexandra Hill, a minor, and Macey Hill, a minor, by her next friend and mother, Tenise Hill-Cornelius,

*Appellant-Plaintiffs,*

v.

Erich E. Gephart, City of Indianapolis, and Marion County Sheriff's Department,

*Appellee-Defendants*

July 20, 2016

Court of Appeals Case No. 49A02-1509-CT-1288

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No. 49D13-1204-CT-16235

**Mathias, Judge.**

[1]  Appellees Erich E. Gephart, City of Indianapolis, and the Marion County Sheriff's Department (collectively "the Appellees") petition for rehearing of our court's May 6, 2016 decision, in which we reversed and remanded the trial court's grant of summary judgment in favor of Appellants. Appellees argue that no admissible evidence establishes that vegetation prevented Hill from walking along the correct side of the roadway and that Hill failed to rebut the presumption of negligence raised by his failure to comply with Indiana Code section 9-21-17-14. We issue this opinion on rehearing to fully consider Appellees' argument that some of Plaintiff's designated evidence, such as Bill Senefeld's[1] ("Investigator Senefeld") affidavit and photographs, are inadmissible.

[2]  Appellee-Defendants filed a motion to strike the Marion County Sheriff's Office Accident Review Board finding and Investigator Senefeld's affidavit and accompanying photographs in the trial court, arguing that they were inadmissible. However, the trial court granted summary judgment in favor of appellee-defendants without ruling on its motion to strike inadmissible evidence. When a trial court does not specifically rule on a motion to strike affidavits, but grants summary judgment, the motion is impliedly overruled. *Palmer v. State*, 363 N.E.2d 1245, 1248 (Ind. Ct. App. 1977). Therefore,

---

[1] We strike our classification of Investigator Senefeld as an "expert," as neither party nor the trial court designated him as such.

Investigator Senefeld's affidavit and photos were properly designated and within our purview to consider on appeal.

[3] Appellees also argue that Investigator Senefeld never testified that the photographs were "true and accurate representations of a scene personally viewed by that witness." Specifically, Appellees contend that because Investigator Senefeld did not visit and photograph the accident scene until three and a half years later that he did not have personal knowledge, and thus the photos are irrelevant and prejudicial. The trial court has broad discretion in ruling on the admissibility of evidence. *Guzik v. Town of St. John*, 875 N.E.2d 258, 265 (Ind. Ct. App. 2007).

[4] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ind. Evidence Rule 401. This often includes facts that merely fill in helpful background information for the jury, even though they may only be tangentially related to the issues presented. *State Farm Mut. Auto. Ins. Co. v. Earl*, 33 N.E.3d 337, 341 (Ind. 2015). Investigator Senefeld did not visit or photograph the accident scene the evening the accident occurred. However, he did have personal knowledge of his visit to the accident scene as described in his affidavit, along with the photos that he took on May 27, 2015. These photographs depict the area where the accident occurred, and Investigator Senefeld's affidavit describes the area as he saw it during his investigation. This evidence at the very least provides background information

that would be helpful to a jury and thus is relevant under Indiana Evidence Rule 401.

[5] Further, in concluding that genuine issues of material fact precluded the entry of summary judgment, we also relied significantly on Charles's deposition testimony which stated:

> Q: Now, earlier you told me that you would walk or that you knew to walk to face traffic when you were walking. If you were walking back to your parents' house, you would be going from the east to go to the west, correct?
>
> A: Yeah. We walked on the opposite side of the street. When we went back, it was the same side.
>
> Q: Why did you take the same side?
>
> A: Because a tree was down in the road.
>
> ***
>
> Q: I want to ask about this. So that tree that was down was an impediment or something that was blocking the way you and Macy wanted to walk?
>
> A: Yeah.

Appellant's App. pp. 55; 57.

[6] Although Appellees argue that a tree is not vegetation, a tree is actually vegetation.[2] In addition, Charles testified that the usual path he would have taken to walk back home was blocked. For purposes of clarification, this obstruction was a tree in the road. We emphasize the more important fact in this situation is that the blockage caused Charles and Macey to take a different route, not necessarily whether the blockage was caused by a tree or any other type of vegetation. Therefore, Charles's testimony creates a genuine issue of material fact as to whether he was contributorily negligent in walking on the right side of the road instead of the left side as Indiana Code section 9-21-17-14 requires. Again, it is Charles's burden at trial to rebut the presumption that he was contributorily negligent and acted reasonably in violating the statute.

[7] Because Investigator Senefeld's declaration and photos were admissible and we relied on Charles's testimony to conclude that a genuine issue of material fact existed as to his contributory negligence, we grant Appellee's motion for re-hearing for the limited purpose of clarification and affirm our May 6, 2016 opinion in all other respects.

Kirsch, J., concurs.

Brown, J., would grant rehearing for the purpose of affirming the trial court, in accordance with her dissent expressed in the May 6, 2016 opinion.

---

[2] Vegetation is defined as plants in general; or plants that cover a particular area. See http://www.merriam-webster.com/dictionary/vegetation. A tree is defined as a usually tall plant that has a thick, wooden stem, and many large branches. See http://www.merriam-webster.com/dictionary/tree.