## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 09 2020, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Kenneth J. Allen
Robert D. Brown
Sarah M. Cafiero
Kenneth J. Allen Law Group, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
STRETCHWELL, INC.

Gregory J. Tonner
Edward R. Ricci, Jr.
Moore & Portelli
Merrillville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Perez and Mary Perez, *Appellants-Plaintiffs,* v. Stretchwell, Inc., Patterson Medical Supply, Inc., Patterson Medical Holdings, Inc. f/k/a Patterson Medical Products, Inc., Fabrication Enterprises, Inc., Select Medical Holdings Corporation, Select Medical Corporation, Select Physical Therapy, Rehabclinics (SPT), Inc., Shauna Marie Burns, PT, and Kathleen M. Posavac, PTA, *Appellees-Defendants* | September 9, 2020 Court of Appeals Case No. 20A-CT-760 Appeal from the Porter Superior Court The Honorable Roger V. Bradford, Judge Trial Court Cause No. 64D01-1609-CT-8891 |

**Crone, Judge.**

## Case Summary

[1] Richard and Mary Perez (Plaintiffs) appeal the trial court's entry of summary judgment in favor of Stretchwell, Inc., on their product liability claims seeking damages for injuries Richard sustained when an exercise ball he was using during physical therapy suddenly burst. Plaintiffs assert that the trial court abused its discretion in failing to strike certain exhibits, and that the court erred in granting summary judgment on all claims in favor of Stretchwell. We affirm in part and reverse in part.

## Facts and Procedural History

[2] Stretchwell is located in Warminster, Pennsylvania. Stretchwell is a small family business with three or four employees. Stretchwell is in the business of distributing and selling exercise equipment and supplies for physical therapy.

[3] Fabrication Enterprises, Inc. (Fabrication), is located in Elmsford, New York. Fabrication has approximately eighty employees, including a sales force located

throughout the country.  Fabrication is in the business of manufacturing, importing, distributing, and selling products for physical therapy.

[4]     Patterson Medical Supply, Inc., Patterson Medical Holdings, Inc. f/k/a Patterson Medical Products, Inc. (collectively Patterson), was located in Warrenville, Illinois.  It was in the business of selling and distributing medical supplies.  Patterson is apparently no longer in business.

[5]     Fabrication has been purchasing physical therapy products from Stretchwell for approximately twenty years.  Sometime in 2006, Fabrication requested that Stretchwell procure a custom order of red mottled/swirl pattern seventy-five-centimeter burst-resistant exercise balls with the "CanDo" logo on them for distribution and sale by Fabrication.  Appellants' App. Vol. 4 at 35.  Fabrication's president, Elliot Goldberg, personally owned the trademarks for the CanDo name and the CanDo logo.

[6]     Stretchwell contacted Shanghai Jianhuiling Sporting Goods (SJ Sporting Goods), a manufacturer in China, to see if it could produce the custom order in accordance with Fabrication's specifications.  SJ Sporting Goods manufactured and sent customized exercise ball samples to Stretchwell, and Stretchwell in turn sent them to Fabrication for review and approval.  Fabrication approved the samples for manufacture.

[7]     Thereafter, Fabrication created and sent a written product insert (CanDo Insert) to Stretchwell and requested that the manufacturer duplicate it and include it, along with a "plug pack" inflation kit, within the package with each CanDo

ball. Appellants' App. Vol. 3 at 147. Each plug pack would consist of a plug, plug remover, inflation valve, and CanDo Insert. Stretchwell read and then forwarded the proposed CanDo Insert to SJ Sporting Goods. Fabrication also created instructions (CanDo Instructions) to be included with each CanDo exercise ball. Stretchwell similarly forwarded the CanDo Instructions to SJ Sporting Goods. Neither the CanDo Insert nor the CanDo Instructions provided a warning that the ball could burst during normal and expected use.

[8] From 2007 to 2012, Fabrication placed orders with Stretchwell for the production and shipping of the customized CanDo exercise balls, and Stretchwell placed orders for the balls with SJ Sporting Goods. The balls were manufactured in China and shipped to the Port of New York. Stretchwell's customs broker would clear the balls through customs and then ship the balls directly to Fabrication's New York warehouse. At no time did Stretchwell ever take physical possession of the balls. Once Fabrication received the balls, they were placed in Fabrication's inventory. Fabrication's customers, such as Patterson, would place a purchase order with Fabrication for some of the balls. Select Physical Therapy (Select PT) purchased a CanDo ball from Patterson, which had purchased that CanDo ball from Fabrication.

[9] On March 12, 2015, Richard was at Select PT in Portage, Indiana, using the CanDo ball in question. Richard had previously injured his back at work and was receiving physical therapy from Select PT. On this date, Richard was seated on the CanDo ball performing simulated driving in a work cube that included a steering wheel and foot pedals. The use of the CanDo ball in this

manner was intended to develop Richard's core strength and stability to allow him to perform typical functions in his employment, including operating a forklift. Richard weighed between 220 and 240 pounds. As he was sitting on the ball balancing and slightly bouncing up and down, the CanDo ball burst, causing Richard to fall to the ground and suffer injuries.

On September 9, 2016, Plaintiffs filed their original complaint for damages[1] naming Patterson and Fabrication as defendants under Indiana's Product Liability Act (the IPLA). Plaintiffs also made claims under Indiana's Medical Malpractice Act against Select Medical Holdings Corporation, Select Medical Corporation, Select PT, Rehabclinics (SPT), Inc. Shauna Marie Burns, PT, and Kathleen Posavac, PTA (collectively Select Defendants). Plaintiffs filed a first amended complaint in November 2016, and in January 2017, they filed a second amended complaint adding Stretchwell as a defendant under the IPLA. In its answer, Stretchwell denied being a manufacturer of the CanDo ball, and asserted the affirmative defense that the claimed injuries were caused by nonparty SJ Sporting Goods. Stretchwell provided a Shanghai address for SJ Sporting Goods in its answer.

Nine days before the statute of limitations ran, on March 3, 2017, Plaintiffs filed a third amended complaint. Plaintiffs did not name SJ Sporting Goods as a defendant. Stretchwell filed its answer and affirmative defenses, again naming SJ Sporting Goods as a nonparty. Plaintiffs filed their fourth and final amended

---

[1] Mary's claim for damages is based upon the alleged loss of Richard's consortium.

complaint in October 2018 alleging that Fabrication, Patterson, and Stretchwell designed, manufactured, instructed, tested, marketed, sold, supplied, distributed and/or provided a product that they knew or should have known was defective. Plaintiffs did not name SJ Sporting Goods as a defendant. Stretchwell filed its answer and affirmative defenses, again naming SJ Sporting Goods as a nonparty. Plaintiffs' IPLA claims against Stretchwell, Patterson, and Fabrication were based on theories of strict liability and negligence.

[12] On August 29, 2019, Patterson and Fabrication filed a joint motion for summary judgment and designation of evidence alleging that they could not be held strictly liable under the IPLA because they were not manufacturers of the CanDo ball. On August 30, 2019, Stretchwell filed a motion for summary judgment similarly arguing that it was not a manufacturer under the IPLA and could not be held strictly liable, and also asserting that Plaintiffs did not have a valid cause of action against it for negligence because it was also not an "apparent manufacturer" of the CanDo ball. *Id*. at 107. Stretchwell designated evidence in support of its motion, and also incorporated its co-defendants' motions and designated material. The Select Defendants similarly filed a motion for summary judgment and designation of evidence on Plaintiffs' medical malpractice claims. Plaintiffs filed their response to the summary judgment motions, and after Stretchwell filed its reply brief with accompanying exhibits, Plaintiffs filed a motion to strike Stretchwell's Exhibits A and B, which consisted of printouts of web pages that provided information regarding North American sales figures for SJ Sporting Goods.

[13]     The trial court held a hearing on all motions on December 2, 2019.  On February 28, 2020, the trial court entered its "Order on Motions for Summary Judgment."  The trial court granted summary judgment in favor of Patterson, Fabrication, and Stretchwell on the issue of strict liability under the IPLA.  Specifically, the trial court found that Patterson, Fabrication, and Stretchwell were not manufacturers of the CanDo ball, and that a statutory exception imposing strict liability on domestic distributors was inapplicable.  The trial court also granted summary judgment in favor of Stretchwell on Plaintiffs' negligence theories but denied summary judgment for Patterson and Fabrication on those issues.  The trial court did not issue a specific ruling on Plaintiffs' motion to strike Stretchwell's Exhibits A and B.  The trial court entered a separate order granting summary judgment in favor of the Select Defendants on the medical malpractice claims.

[14]     Thereafter, Patterson and Fabrication entered into a settlement agreement with Plaintiffs, and the trial court approved the dismissal of Plaintiffs' claims against those defendants.  The court's summary judgment in favor of Stretchwell was converted to a final judgment, and Plaintiffs now appeal.  We will provide additional facts in our discussion where necessary.

# Discussion and Decision

## Section 1 – Plaintiffs have not demonstrated prejudicial error in the trial court's failure to strike certain exhibits.

[15] We briefly address Plaintiffs' contention that the trial court abused its discretion in failing to grant their motion to strike Stretchwell's Exhibits A and B. The trial court has broad discretion in ruling on motions to strike in the summary judgment context. *Hamilton v. Hamilton*, 132 N.E.3d 428, 431-32 (Ind. Ct. App. 2019). The court's decision will not be reversed unless prejudicial error is clearly demonstrated. *Id.*

[16] We note that the trial court here did not issue a specific ruling on Plaintiffs' motion to strike. Although the trial court should have issued a specific ruling on Plaintiffs' motion to strike, its failure to do so is not in itself reversible error. *See Palmer v. State*, 173 Ind. App. 208, 213, 363 N.E.2d 1245, 1248 (1977) (court's failure to rule specifically on party's motion to strike affidavits held to be harmless error). Rather, the trial court's inaction on Plaintiffs' motion to strike operates as an implied denial of the motion. *Hamilton*, 132 N.E.3d at 432 (grant of summary judgment absent specific ruling on motion to strike held to amount to implied overruling/denial of motion to strike).

[17] To the extent that Plaintiffs assert that the exhibits should have been stricken because they constitute inadmissible hearsay, we remind Plaintiffs that a trial court is presumed to know and follow the applicable law. *Tharpe v. State*, 955 N.E.2d 836, 842 (Ind. Ct. App. 2011), *trans. denied*. This would include its duty

to disregard any inadmissible information included in an exhibit. *Bankmark of Florida, Inc. v. Star Fin. Card Servs., Inc.*, 679 N.E.2d 973, 980 (Ind. Ct. App. 1997). As Plaintiffs make no viable argument that the trial court improperly relied upon the exhibits, or that prejudicial error occurred as a result of the trial court's implied denial of their motion to strike, we find no abuse of discretion.[2]

## Section 2 – The trial court properly entered summary judgment in favor of Stretchwell on Plaintiffs' strict liability claim; however, the entry of summary judgment on all of Plaintiffs' negligence claims was inappropriate.

We next address the trial court's entry of summary judgment in favor of Stretchwell both on Plaintiffs' strict liability and negligence claims. Our standard of review is well settled. We review the entry of summary judgment de novo, drawing all reasonable inferences in Plaintiffs' favor. *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016). The standard is the same on appeal as it is for the trial court: summary judgment is appropriate only when the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was

---

[2] The Plaintiffs' only assertion of prejudice is that "these inadmissible exhibits are now in the summary judgment record before this Court" and they hope "to prevent this Court from considering inadmissible exhibits" upon appellate review. Reply Br. at 13-14. We assure Plaintiffs that, just as the trial court, we are well aware of our duty to disregard inadmissible evidence.

erroneous." *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied* (2015). "We will affirm upon any theory or basis supported by the designated materials." *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having its day in court. *Id.*

### 2.1 – It is undisputed that Stretchwell is not a manufacturer pursuant to the IPLA, and Plaintiffs have presented no evidence to support a reasonable inference that the domestic distributor exception applies.

[19] We first address the trial court's entry of summary judgment on Plaintiffs' strict liability claim. The IPLA "governs all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." *Golden Corral Corp. v. Lenart*, 127 N.E.3d 1205, 1220-21 (Ind. Ct. App. 2019) (citing Ind. Code §§ 34-20-1-1 and 34-6-2-115), *trans. denied*. A product can be defective within the meaning of the IPLA because of a manufacturing flaw, a defective design, or a failure to warn of dangers while using the product. *Cook v. Ford Motor Co.*, 913 N.E.2d 311, 319 (Ind. Ct. App. 2009), *trans. denied*.

[20] Pursuant to the IPLA, strict liability claims are limited to manufacturing defect claims. *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 957 (Ind. 2018). Accordingly, the IPLA restricts actions for strict liability in tort to a manufacturer of the allegedly defective product. *See* Ind. Code § 34-20-2-3 (providing that a product liability action based on strict liability in tort "may not

be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition unreasonably dangerous to the user or consumer unless the seller is a manufacturer of the product or of the part of the product alleged to be defective."). The undisputed evidence establishes that Stretchwell, although a seller and/or distributor, was not a manufacturer of the CanDo ball or any component part of the CanDo ball. This evidence alone, if unrebutted, would entitle Stretchwell to summary judgment pursuant to Section 34-20-2-3. *Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 781 (Ind. 2004).

[21] However, the IPLA provides an exception to this rule via a provision that imposes strict liability through treating certain parties as though they are manufacturers. Specifically, Indiana Code Section 34-20-2-4 states:

> If a court is unable to hold jurisdiction over a particular manufacturer of a product or a part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purposes of this chapter, the manufacturer of the product.

Our supreme court has named this provision "the domestic distributor exception," and explained that an action in strict liability can be maintained against a nonmanufacturer defendant only if two conditions are met: (1) the defendant must be a principal distributor or seller over whom the court can hold jurisdiction; *and* (2) the court must be unable to hold jurisdiction over the actual manufacturer. *Kennedy*, 806 N.E.2d at 781 (emphasis added). If either condition is absent, then the plaintiff's claim fails as a matter of law. *Warriner v. DC Marshall Jeep*, 962 N.E.2d 1263, 1267 (Ind. Ct. App. 2012), *trans. denied*.

[22] Accordingly, to defeat summary judgment in favor of Stretchwell on their strict liability claim, Plaintiffs had the burden to demonstrate that a genuine issue of material fact exists as to whether Stretchwell can be considered a manufacturer under the domestic distributor exception. Finding it dispositive here, we need only look to the second condition of the domestic distributor exception. That is to say, Plaintiffs needed to come forth with some evidence from which the trial court could reasonably infer that it would be unable to hold jurisdiction over the actual manufacturer, SJ Sporting Goods. Plaintiffs failed to do so.[3]

[23] Plaintiffs concede that they never named SJ Sporting Goods as a party in their lawsuit, and they never attempted to obtain service of process on SJ Sporting Goods. It appears that they did nothing other than to unilaterally decide that simply because SJ Sporting Goods is based in Shanghai, no Indiana trial court could exercise jurisdiction. Indeed, the only material designated by Plaintiffs on this issue is the affidavit of one of their attorneys wherein he baldly stated that based upon "internet research" he had "no good faith argument or meritorious basis for believing that an Indiana court would have jurisdiction" over SJ Sporting Goods. Appellants' App. Vol. 4 at 40. This was wholly inadequate.

---

[3] Plaintiffs erroneously assert that it was Stretchwell's burden as summary judgment movant to affirmatively prove that the trial court was able to hold jurisdiction over SJ Sporting Goods, rather than it being their burden to prove that the exception applies. Plaintiffs are mistaken. *See, e.g., Kennedy*, 806 N.E.2d at 781 (noting that it was the nonmovant plaintiff's burden to demonstrate genuine issue of material fact on question of whether defendants were manufacturers under domestic distributor exception); *see also Kesling v. Kesling*, 83 N.E.3d 111, 118 (Ind. Ct. App. 2017), (in summary judgment context, regardless of which party is movant, plaintiff who wishes to circumvent general rule has burden to demonstrate applicability of an exception), *trans. denied* (2018).

[24] Our supreme court's opinion in *Kennedy* is instructive on this point. The defendants in that case moved for summary judgment asserting that they were not manufacturers of the allegedly defective product as defined by the IPLA. In response, the plaintiffs alleged that they were entitled to hold the defendants in the lawsuit on a strict liability theory based upon the domestic distributor exception. *Kennedy*, 806 N.E.2d at 780-81. In support of their contention that the exception applied, the plaintiffs designated evidence demonstrating that they had unsuccessfully attempted service on the Hong Kong manufacturer. *Id.* at 781. They designated their receipt of an "affirmation of non-service" indicating that the named foreign corporation was not at the address provided by the plaintiffs, and "therefore service was not effected." *Id*. Based on this evidence, the plaintiffs claimed that the manufacturer was "no longer in business and is not subject to the jurisdiction of this court leaving [the defendant] as principal distributor or seller." *Id*.

[25] The *Kennedy* plaintiffs also pointed to affidavits designated by the defendants to support their contention that there was no basis for an Indiana court to exercise personal jurisdiction over the Hong Kong manufacturer. *Id*. There was no evidence that the foreign manufacturer had any contacts with Indiana or had any knowledge that its product was to be sold in Indiana. *Id*. Our supreme court determined that while this evidence was not "especially impressive," it was "potent enough" to demonstrate a genuine issue of material fact on the question of whether the defendants could be considered manufacturers under

the domestic distributor exception, and therefore summary judgment for the defendants was inappropriate. *Id*.

Plaintiffs here needed to put forth evidence to supply a reasonable inference that the trial court would not be able to hold jurisdiction over SJ Sporting Goods in order to demonstrate a genuine issue of material fact as to whether Stretchwell could be considered a manufacturer under the domestic distributor exception. *See id*. at 782. They failed to do so. Summary judgment in favor of Stretchwell on Plaintiffs' strict liability claim was therefore appropriate.

### 2.2 – *Summary judgment in favor of Stretchwell is inappropriate on Plaintiffs' failure-to-warn and instruct claim.*

We next address Plaintiffs' assertion that summary judgment in favor of Stretchwell on the theories of liability subject to a negligence standard under the IPLA was inappropriate. Specifically, Plaintiffs challenge the entry of summary judgment on their failure-to-warn and instruct claim against Stretchwell.[4]

As stated above, in addition to a manufacturing flaw to which strict liability applies, a product can be defective within the meaning of the IPLA because of a defective design or a failure to warn of dangers while using the product. *Cook*, 913 N.E.2d at 319. Actions against sellers based on design defects or based on

---

[4] Because the trial court granted summary judgment in Stretchwell's favor "on the issues of negligence" asserted against Stretchwell, *see* Appealed Order at 2, the court's order applied to all product liability claims evaluated pursuant to a negligence standard, which would include Plaintiffs' design-defect claim and their failure-to-warn and instruct claim. Plaintiffs do not challenge the entry of summary judgment on their design-defect claim, so that judgment stands.

failure to provide adequate warnings/instructions are to be decided using a negligence standard. *Campbell*, 109 N.E.3d at 957. The duty to warn is twofold: (1) to provide adequate instructions for safe use, and (2) to provide a warning as to dangers inherent in improper use. *Cook*, 913 N.E.2d at 326. In an action based on an alleged failure to provide adequate warnings or instructions regarding the use of the product, the party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in providing the warnings or instructions. *Id*. at 319 (citing Ind. Code § 34-20-2-2). Indiana Code § 34-20-4-2 provides that a product is defective under the IPLA if the seller fails to (1) properly package or label the product to give reasonable warnings of danger; or (2) give reasonably complete instructions on proper use of the product; when the seller, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer. Because a failure-to-warn and instruct claim is evaluated pursuant to negligence standards, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach proximately caused an injury to the plaintiff. *Brewer v. PACCAR, Inc.*, 124 N.E.3d 616, 621 (Ind. 2019).

[29] As the party moving for summary judgment, Stretchwell had the burden to establish a prima facie case negating at least one of the dispositive elements (duty, breach, or proximate cause) of Plaintiffs' failure-to-warn and instruct claim. *Morris v. Crain*, 71 N.E.3d 871, 880 (Ind. Ct. App. 2017). Here, Stretchwell's motion for summary judgment did not even mention Plaintiffs'

failure-to-warn and instruct claim, much less attempt to negate one of the dispositive elements of that claim. Rather, regarding negligence, Stretchwell argued only that it could not be held liable based on an "apparent manufacturer" theory of liability.[5] Plaintiffs brought the obvious omission of the failure-to-warn and instruct claim to both Stretchwell's and the trial court's attention in its response to Stretchwell's summary judgment motion, surmising that Stretchwell's motion must not seek summary judgment on that claim. Appellants' App. Vol. 3 at 241. In its summary judgment reply brief, Stretchwell disingenuously denied failing to include the claim in its original summary judgment motion. It then conceded as a general matter that, as a seller of the CanDo ball, it did in fact owe a duty to warn and instruct. Appellants' App. Vol. 5 at 14-15. After conceding the duty element of this negligence theory of liability, Stretchwell argued that its designated evidence established that it "had no opportunity" to affix a warning or instructions to the CanDo ball, and therefore it did not breach its duty as a matter of law. *Id*.

[30] On appeal, Stretchwell completely changes course. Stretchwell argues for the first time that it should be viewed as an "innocent" seller of the CanDo ball, and that it owed no duty to Plaintiffs to warn and instruct. Appellee's Br. at 30. We cannot accept Stretchwell's argument on appeal regarding its complete lack of duty as genuine or germane given that we are the first court to be presented

---

[5] Pursuant to this theory, a seller may be liable for the negligence of the manufacturer where the seller placed its name on the product and gave no indication of who was the actual manufacturer. *Kennedy*, 806 N.E.2d at 784 (citing 4 RESTATEMENT (SECOND) OF TORTS § 400 (1965) ("One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.")).

with it. *See Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) (finding that "[i]ssues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived"); *see McGill v. Ling*, 801 N.E.2d 678, 687-88 (Ind. Ct. App. 2004) (noting exception to waiver rule if the opposing party had unequivocal notice of existence of issue and opportunity to defend against it). Rather, Stretchwell has waived any assertion that it owed no duty to Plaintiffs as a matter of law. A party cannot concede a duty in one breath, and then deny it in the next.

[31] It is well settled that breach of a duty is generally a question of fact not appropriate for summary judgment unless the facts are undisputed and only a single inference can be drawn from those facts. *Cook*, 913 N.E.2d at 319. Stretchwell makes no argument on appeal that it did not breach its duty as a matter of law. Nor does Stretchwell make any argument regarding proximate cause. As Stretchwell has waived any challenge to the duty element of Plaintiffs' failure-to-warn and instruct claim, and does not challenge the other elements of the claim, summary judgment was and is inappropriate as to this claim.

[32] In sum, Plaintiffs have not demonstrated prejudicial error in the trial court's failure to strike certain exhibits. Moreover, we conclude that the trial court properly entered summary judgment in favor of Stretchwell on Plaintiffs' strict liability claim. However, genuine issues of material fact exist regarding whether Stretchwell breached its duty to warn and instruct, and whether that breach was the proximate cause of Plaintiffs' injuries, and therefore we reverse

the entry of summary judgment on Plaintiffs' failure-to-warn and instruct claim and remand for further proceedings consistent with this opinion.

[33] Affirmed in part, reversed in part, and remanded.

Robb, J., and Brown, J., concur.