STATE of Indiana, ex rel. Eric M. ABEL, Vigo County Prosecuting Attorney, Relator,

v.

VIGO CIRCUIT COURT, and Robert H. Brown, Judge, Respondents.

No. 583S167.

Supreme Court of Indiana.

April 19, 1984.

Linley E. Pearson, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, Eric M. Abel, Vigo County Pros. Atty., James Walker, Deputy Pros. Atty., Terre Haute, for relator.

Dennis R. Majewski, Terre Haute, for respondents.

## ORIGINAL ACTION

GIVAN, Chief Judge.

At the time relator's Petition for Writ of Prohibition and Writ of Mandamus was presented to this Court, the Court tentatively voted to deny the writ. After further consideration, however, the Court is now of the opinion that the writ should be granted.

The facts are these. The Honorable Hugh McQuillan presided over a jury trial in the Vigo Circuit Court in July of 1981. As a result of that trial, a defendant was found guilty of two felony counts. On August 7, 1981, the defendant was sentenced to a three year term and a concurrent two year term of imprisonment. The defendant was released pending appeal on a posted appeal bond. Nearly a year later the Court of Appeals affirmed the conviction. On July 23, 1982, the defendant appeared before Judge McQuillan for the execution of his sentence.

On January 1, 1983, the Honorable Robert H. Brown assumed the bench of the Vigo Circuit Court. Judge McQuillan became the judge of the Vigo County Court, Division 5.

On January 3, 1983, the defendant filed a Petition for Shock Probation. On January 12, 1983, the Honorable Judge Brown scheduled a hearing on the motion which

was held on February 18, 1983. Judge Brown granted the motion on April 21, 1983.

The Prosecutor's office sought a Writ of Mandamus and a Writ of Prohibition seeking to vacate the order and to require the judge to order the defendant to serve the executed sentence.

 Relator claims, *inter alia*, that the 180 day period for sentence modification had passed. With this we now agree. At the time of the sentence, modification was governed by IC § 35–4.1–4–18 [Repealed by Acts 1983, P.L. 311, § 3] which stated in pertinent part:

> "The court, within one hundred eighty (180) days after it imposes a sentence, ... may reduce or suspend the sentence, incorporating its reasons in the record."

The clear intention of the legislature is to give the trial court an opportunity to sentence a defendant but keep reserved in his judgment an opportunity to review incarceration of the defendant up to 180 days within which time he may grant probation as though it were originally done at the time of sentencing. Prior to the enactment of this provision, a trial judge had no authority over a defendant after he pronounced sentence. The jurisdiction over the defendant then went to the Department of Correction. This statute gave a trial judge an additional 180 days to consider or reconsider the probation aspect of the sentencing. In *State ex rel. Sufana v. Lake Superior Court*, (1978) 269 Ind. 466, 381 N.E.2d 475 (Justices DeBruler and Hunter dissenting), this Court held that a defendant has no right to probation under this statute since the giving of probation is a discretionary matter in the court and a matter of grace. It is the sole discretion of the trial judge to grant probation and to set out the terms thereof and only where he has abused that discretion can it be set aside on appeal. *Downs v. State*, (1977) 267 Ind. 342, 369 N.E.2d 1079. We further held in *Sufana* that there is no provision for a right existing in the defendant to have a hearing on this provision nor is the court required in any way to dispose of that provision in any order. The statute gives the court jurisdiction in its own discretion to decide to recall the defendant and put him on probation after he has served a period of up to six months. We hold the grant of such power by the legislature is jurisdictional and that upon the expiration of the 180 days notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant so far as the alteration of his sentence is concerned.

The petition for the writ is therefore granted. The trial court is ordered to vacate its order of shock probation and is further ordered to reinstate the executed sentence of the defendant.

All Justices concur.