**Michael DIER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 31S00–8602–CR–166.

Supreme Court of Indiana.

June 17, 1988.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Michael Dier was initially charged on December 6, 1979, with the crimes of Murder, Robbery, and Burglary, each of them as a class A felony, and Theft as a class D felony. The State further filed an information charging Dier with being an habitual offender. Following trial a jury found Dier guilty on all counts and on September 17, 1980, the court sentenced Dier to sixty (60) years on the felony murder charge, thirty (30) years on the robbery charge, thirty (30) years on the burglary charge and four (4) years on the theft charge. The court ordered that all sentences be served consecutively and after adding the thirty (30) years for habitual offender status, sentenced Dier to a total of one-hundred fifty-four (154) years. On October 20, 1980, the State moved to resentence Dier. The prosecutor advised the court Dier had entered into an agreement whereby he testified against one Ben William Thomas. The prosecutor stated Dier's testimony was of incalculable benefit to the State in having Thomas convicted on all counts against him. The State therefore requested the court set aside Dier's conviction of habitual offender and further order his sentence be served concurrently instead of consecutively on the remaining charges. The trial court granted the request and dismissed the habitual offender charge, thereby reducing Dier's sentence by thirty (30) years. The judge then stated

he would accept the prosecutor's statement of Dier's cooperation with the State as mitigating circumstances and sentenced Dier to thirty (30) years on each of the class A felonies, and four (4) years on the class D felony, and made all of them concurrent so Dier had a total of thirty (30) years. Dier appealed this conviction on other grounds and this court affirmed his conviction on December 15, 1982. *Michael Dier v. State of Indiana* (1982), Ind., 442 N.E.2d 1043.

In 1983, Ben William Thomas filed a petition for post-conviction relief and Dier testified in Thomas' behalf. Dier testified in a deposition that he had lied at Thomas' original trial in 1980, that none of the facts he testified to involving Thomas were true and the reason he so testified was that he had gained special favors from the prosecutor and county sheriff, and wanted to repay them. Thomas' petition for post-conviction relief was granted and he was granted a new trial.

On June 25, 1985, the prosecuting attorney filed a motion entitled "Motion to Vacate Resentencing and To Reinstate Original Sentence Imposed." The ground for the State's motion seems to be that Dier had entered into a contract agreement with the State, that he procured the sentence reduction through fraud, and his breach of that agreement entitled the State to a rescission of the agreement. The State therefore moved for reinstatement of the original sentence to put the parties in the "status quo" position which existed prior to the agreement. Dier moved to dismiss the State's petition but the trial court refused to do so and reinstated the original sentence of one-hundred fifty-four (154) years imposed on September 17, 1980. Dier raises several issues in this direct appeal but our disposition requires consideration of only one. Dier claims the trial court had no jurisdiction to resentence him on September 24, 1985, almost five years after imposition of the original sentence. We agree.

■ With very little exception, a trial judge has no authority over a defendant after he pronounces sentence. The jurisdiction over the defendant goes to the Department of Correction. *State ex rel Abel v. Vigo Circuit Court* (1984) Ind., 462 N.E. 2d 61. The most notable exception is a statute sometimes referred as the "shock probation statute," which gives the trial judge authority to recall the defendant within one-hundred eighty days and reduce or suspend his sentence. Ind.Code § 35–38–1–17; *State ex rel Abel*, 462 N.E. 2d at 63. There is no authority for a trial court to reopen a sentencing almost five years after its imposition and at the instance of the State to change that sentence as the trial court did here. Id.; *Pettiford v. State of Indiana* (1987), Ind., 504 N.E.2d 324.

The State claims the defendant committed fraud on the State and the court, and breached his contract made with the State to the extent justice requires he not profit by his ignoble deeds. Whatever merit there is to this contention fails to give jurisdiction to the trial court. Dier was legally sentenced by the court on October 20, 1980 for the crimes for which he was found guilty and that cannot now be changed. If he has committed additional crimes for which he deserves punishment, those will have to stand on their own weight. Accordingly, the trial court is ordered to vacate the sentencing order of September 24, 1985.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. Appellant obtained a modified sentence of his conviction by perpetrating a fraud upon the court, in that he entered into an agreement with the State that he would testify against one Ben William Thomas in exchange for the modified sentence. This agreement was carried out and appellant did in fact testify against Thomas and the court modified his original sentence.

Subsequently, when appellant recanted that testimony in a post-conviction relief

action filed by Thomas, he in effect admitted that he had perpetrated a fraud upon the court in obtaining his modified sentence. "Fraud vitiates every transaction and all contracts.... and even judgments." 37 Am.Jur.2d, *Fraud and Deceit* § 8.

In *Partlow v. State* (1924), 195 Ind. 164, 144 N.E. 661, this Court held:

"The fundamental principle of our jurisprudence that a final judgment shall forever put at rest the controversy involved in the litigation, must not rest upon fraud practiced upon the court; or falsities instead of, and in preference to realities." *Id* at 171, 144 N.E. at 663.

In *Partlow,* the Court went on to say:

"Where a judgment has been obtained by fraud upon the court, it may vacate such judgment and grant a new trial, even after the end of the term at which such judgment was rendered." *Id.* at 172, 144 N.E. at 664.

Appellant having obtained his modification of judgment by fraud, the trial court was well within his discretion in setting aside such fraudulently obtained modification. When that was accomplished, it was as though the modification had never existed and the original judgment was in full force and effect. Thus, the trial judge was correct in so ordering.

I would affirm the trial court.