**Howard J. HOSSMAN,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 89A01–8711–CR–272.

Court of Appeals of Indiana,
First District.

June 21, 1988.

Rehearing Denied Aug. 16, 1988.

Larry A. Landis, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Howard J. Hossman (Hossman), appeals a decision of the Wayne Superior Court No. 2 reinstating its original sentencing order regarding his convictions for burglary and conspiracy to commit burglary, both Class C felonies.

We reverse.

## STATEMENT OF THE FACTS

In January of 1984, Hossman was tried and convicted of burglary and conspiracy to commit burglary. On February 2, 1984, he was sentenced to five years on each count to be served concurrently with each other, but consecutive to a ten year sentence previously imposed on September 2, 1982, by the Wayne Circuit Court for conspiracy to commit robbery. Hossman filed a motion to correct error on April 3, 1984, alleging inter alia that the trial court erred in ordering his sentences to be served consecutively to the ten year sentence for conspiracy to commit robbery because his conviction for that offense had been reversed by the Indiana Court of Appeals on March 12, 1984. *See Hossman v. State* (1984), Ind.App., 460 N.E.2d 975. On August 6, 1984, the trial court granted in part Hossman's motion to correct error and amended his sentence, eliminating the provision that the two concurrent sentences be served

consecutively to the ten year sentence and granting him credit for the time spent in confinement on that charge.

The trial court acted prematurely, however, in that it issued its order amending Hossman's sentence prior to receiving certification from the clerk that the appeal was final. In fact, the State had timely filed its petition to transfer seeking to reverse the court of appeals decision regarding the robbery charge. On August 24, 1984, our supreme court accepted transfer and vacated this court's opinion, affirming the robbery conviction. *See Hossman v. State* (1984), Ind., 467 N.E.2d 416.

Nothing transpired with respect to this case until April 6, 1987, at which time the Department of Corrections inquired of the trial court to clarify the status of Hossman's sentence. Pursuant to this inquiry the trial court set a hearing to be held on April 13. At the hearing the State informed the trial court that it planned to file a motion requesting the court "in substance" to find that the sentences should be consecutive. Accordingly, on May 14, 1987, the State filed a motion to reinstate the original court order regarding sentencing. The trial court set a hearing for the matter to be held on July 6, 1987.

On June 13, 1987, however, in response to Hossman's contention that he had completed the service of all sentences imposed upon him and was entitled to immediate release from incarceration, the trial court, *sua sponte*, issued an order clarifying sentences. The trial court stated that its August 6, 1984 order did not modify or alter the original sentence imposed on February 2, 1984, and concluded that with the reinstatement of his conspiracy to commit robbery conviction by the supreme court, the original sentence remained in effect. Accordingly, the trial court explicitly ordered the two concurrent five year sentences to run consecutive to the ten year sentence he had just completed. From this ruling Hossman appeals.

## ISSUE

On appeal Hossman contends that the trial court erred in reinstating its original sentencing order.

## DISCUSSION AND DECISION

Hossman maintains that the State in seeking to reinstate the original sentencing order and the trial court in granting such relief failed to comply with the requirements of IND.CODE 35-38-1-15. His reliance upon this statute, however, is misplaced.

A trial judge has broad discretion in sentencing as long as he acts within statutorily prescribed limits. *Rife v. State* (1981), Ind.App., 424 N.E.2d 188. At the time of Hossman's sentencing, the applicable sentencing statute left it within the discretion of the trial court to determine whether terms of imprisonment shall be served concurrently or consecutively. *Smith v. State* (1986), Ind., 491 N.E.2d 193; IND.CODE 35-50-1-2(a). The trial court acted prematurely, however, when it issued the August 6 order amending Hossman's sentence to eliminate the provision imposing consecutive sentences before the appellate process regarding the robbery conviction was complete and the final determination was certified to the trial court. Although the trial court was not required to amend Hossman's sentence in response to the motion to correct error, it was certainly within the trial court's discretion to do so. Such action by the trial court did not render the sentence erroneous. Therefore, neither the State nor the trial court was required to comply with IND.CODE 35-38-1-15 in seeking to reinstate the original sentencing order.

Nonetheless, the trial court's action in reinstating the consecutive sentences was erroneous. A judgment may be attacked or modified in a number of ways. One method would be to file a motion to correct error under Ind.Rules of Procedure, Trial Rule 59, but it must be filed within 60 days from the rendition of the judgment. T.R. 59(C). Under T.R. 59(B) and Ind. Rules of Procedure, Trial Rule 52(B), a trial court may, on its own motion, correct its judgment within 60 days. Under IND. CODE 33-1-6-3 a trial court retains juris-

diction over its judgment for 90 days, but that statute, though not material here, may have been superceded by the trial rules. It requires no citation of authority to show that compliance with the trial rules, and the time limits stated therein, is jurisdictional.

Upon entry of the August 6 order, the State's remedy was to take an appeal. It was the State's responsibility to inform the trial court that transfer was pending as to Hossman's robbery conviction and was later affirmed by the supreme court. No appeal was taken by the State, nor were any other procedures invoked to attack the August 6 order until some two years and nine months later. The trial court's jurisdiction to modify the order, however, had lapsed upon the expiration of the time limits. Therefore, the trial court had no authority to reinstate the original sentencing order.

For the above reasons this cause is reversed. The trial court is ordered to vacate the June 12, 1987 order, and reinstate the August 6, 1984 order amending Hossman's sentence to eliminate the provision imposing consecutive sentences.

Judgment reversed.

GARRARD, P.J., and ROBERTSON, J., concur.