Ronald Leon TIMMONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 43S00–8801–CR–165.

Supreme Court of Indiana.

Feb. 21, 1989.

David C. Kolbe, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

After a jury trial, appellant was originally sentenced to five (5) years on his conviction of Burglary, a Class C felony, which was enhanced by thirty (30) years by reason of a finding that he was an habitual

offender. He was also sentenced to two (2) years for Theft, a Class D felony, which was also enhanced by thirty (30) years, and five (5) years for Attempted Burglary, a Class C felony, which was also enhanced by thirty (30) years. This Court remanded that conviction for proper sentencing upon a finding that there was insufficient evidence to support the habitual offender finding. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212.

Appellant now claims that it was improper for the trial court to assess the habitual offender enhancement upon all three convictions, and the court should have chosen one of the three convictions to which the habitual offender enhancement would attach. This of course becomes a moot question in view of this Court's previous finding that there was insufficient evidence to find appellant to be an habitual offender.

In assuming this position, appellant states that this Court should have required the trial court first to declare which of the felonies he was enhancing by reason of the habitual offender finding which would then automatically freeze the unenhanced sentences which he had rendered in the other two charges. He argues that when the trial court failed to do this and re-sentenced appellant under the mandate, he erroneously changed the burglary sentence to eight (8) years, the theft sentence to four (4) years, and the attempted burglary sentence to eight (8) years.

Appellant further argues that since this Court's prior opinion concluded by stating, "The habitual offender finding is vacated and the cause remanded for a new sentencing hearing. The convictions and sentences imposed for the burglary and attempted burglary are affirmed," *id.* at 1218, that this Court obviously was sending the message to the trial court that the only sentence to be revised was the sentence for theft.

In reexamining our prior opinion, we can only conclude that the omission of the theft conviction from the final sentence was an oversight. Inasmuch as the Court had held that there was insufficient evidence to support the habitual offender finding, it was obviously our intention that all of those enhancements were to be vacated and thus all sentences were to be restated.

This Court specifically called the trial court's attention to *Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, *cert. denied,* 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846 as a guide in the re-sentencing. Under the authority of *Williams,* the trial court had the duty to re-sentence appellant under each of the three prior convictions in accordance with the statutes as though appellant stood before him for the first time for such sentencing, disregarding of course the habitual offender finding. This the trial court did. The trial court followed the mandate of this Court and correctly re-sentenced appellant on his convictions.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, J., dissents without separate opinion.