**Ronald Leon TIMMONS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 43S04–8907–CR–563.**

Supreme Court of Indiana.

Sept. 21, 1989.

Ronald Leon Timmons, Michigan City, pro se.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This case was originally filed in the Court of Appeals. However, due to the convoluted history of this case, as herein-

after set out, this Court has *sua sponte* ordered the cause transferred to the Supreme Court. This case started with appellant's conviction for the crimes of Burglary, Theft, and Attempted Burglary and the finding that he was an habitual offender.

In his original appeal from that conviction, this Court found that there was insufficient evidence to support the finding that appellant is an habitual offender. The cause was therefore remanded with instructions to resentence appellant. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212. Pursuant to that mandate, the trial court proceeded to resentence appellant on each of the instant crimes, apparently disregarding the habitual offender finding.

Appellant took an appeal from that sentencing and this court affirmed the trial court. *Timmons v. State* (1989), Ind., 534 N.E.2d 234. While this appeal was pending, the trial court ordered a new hearing on appellant's status as an habitual offender. The hearing was held on September 19, 1988, appellant was found to be an habitual offender, and the trial court purported to resentence appellant on his charged felonies, enhancing the sentences by thirty (30) years by reason of appellant's status as an habitual offender.

By reason of the fact that this Court was at that time taking under advisement appellant's appeal from his second sentencing, the trial court had no jurisdiction to conduct the hearing on the habitual offender status and the subsequent third sentencing pursuant thereto. *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128. The appeal which we are now considering is the appeal from that attempted action by the trial court.

Inasmuch as that attempted sentence is void for lack of jurisdiction, we turn to the second sentencing of appellant pursuant to the remand ordered on his first appeal. That sentencing occurred on September 21, 1987 and recited that appellant was sentenced for eight (8) years on the burglary count, four (4) years on the theft count, and eight (8) years on the attempted burglary count. No mention was made of the habitual offender status. That sentence was affirmed by this Court on appellant's second appeal. The time has long since passed for the trial court to modify or amend that sentence. *State ex rel. Abel v. Vigo Circuit Court* (1984), Ind., 462 N.E.2d 61.

This cause is remanded to the trial court with instructions to expunge its record entered September 19, 1988 in which it purported to resentence appellant pursuant to his habitual offender status. The court is further instructed to reinstitute the sentencing of appellant rendered September 21, 1987.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.