940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald L. TIMMONS, Petitioner/Appellant,
v.
Thomas D. RICHARDS, Warden* and Indiana Attorney
General Respondents/Appellees.
 No. 88-3085.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.**
Decided Aug. 14, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ronald Timmons appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 I. BACKGROUND
 
 2
 In 1984, a jury found Timmons guilty of burglary, theft, and attempted burglary. He was sentenced to concurrent terms of imprisonment of five years for the burglary and attempted burglary convictions and two years for the theft conviction. Because the jury found that Timmons was a habitual offender, the trial court enhanced each of the sentences by 30 years, resulting in a sentence of 35 years. Timmons appealed his convictions and the habitual offender enhancement. The Indiana Supreme Court vacated the habitual offender enhancement for insufficient evidence to support that finding, affirmed the burglary and attempted burglary convictions and sentences, and remanded for a new sentencing hearing.[1] Timmons v. State, 500 N.E.2d 1212, 1218 (Ind.1986).
 
 
 3
 On remand in September 1987, the trial court resentenced Timmons to eight years each on the burglary and the attempted burglary convictions, to be served consecutively, and four years on the theft conviction, to be served concurrently with the burglary sentence, with credit for time already served, resulting in a sentence of 16 years. In addition, the trial court scheduled a new trial for the habitual offender charge. On February 21, 1989, the Indiana Supreme Court affirmed the resentencing of September 1987. Timmons v. State, 534 N.E.2d 234 (Ind.1989).
 
 
 4
 In March 1988, Timmons petitioned the federal court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He alleged that the Indiana court violated the double jeopardy clause in resentencing him to harsher sentences and violated the due process clause by retrying him on the habitual offender charge. Finding that Timmons had not exhausted his state remedies, the district court dismissed the petition without prejudice on September 9, 1988.
 
 
 5
 On September 19, 1988, the Indiana Circuit Court ordered each of Timmons' convictions enhanced by 30 years to reflect his status as a habitual offender. The Indiana Supreme Court's final encounter with the Timmons' case was on September 21, 1989, at which time it declared the second habitual offender sentence void for lack of jurisdiction and remanded the cause to the trial court with instructions to expunge its record of September 19, 1988. Timmons v. State, 543 N.E.2d 642, 643 (Ind.1989).
 
 
 6
 This court remanded Timmons' habeas claim to the district court in January 1990 to determine whether the state remedies had been exhausted. The district court then denied Timmons' request for the writ of habeas corpus. The district court found that the most recent Indiana Supreme Court decision mooted Timmons' claim concerning the habitual offender enhancement. The district court also found that the double jeopardy clause was not violated because the resentencing on the underlying convictions was not harsher than the total original sentence.
 
 
 7
 On appeal, Timmons argues that resentencing him to harsher terms on the same offenses after he had satisfied the legal sentences for those offenses violates both the due process and the double jeopardy clauses.
 
 II. ANALYSIS
 
 8
 Timmons' arguments are based on the fact that on remand the vacated enhancement was considered in the calculation of his resentencing. He asserts that he has been given multiple punishments for the same offenses in violation of the double jeopardy clause. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). He argues that the district court incorrectly included the illegal habitual offender sentence when determining that the second sentence did not exceed the first. He also argues that he had served his first punishment before he was resentenced.
 
 
 9
 This court has recognized that courts fashion sentencing packages under which multiple sentences are interdependent. United States v. Shue, 825 F.2d 1111, 1114 (7th Cir.1987). When this sentencing scheme has been disrupted on appeal by the affirmance of some counts and the vacation of others, a court may enhance an affirmed sentence to effectuate the original sentencing intent without violating the double jeopardy clause. Id. at 1115. The double jeopardy clause does not prohibit resentencing a criminal defendant on affirmed convictions where other convictions or sentences are reversed on appeal. Pennsylvania v. Goldhammer, 474 U.S. 28, 30 (1985) ("a resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial").
 
 
 10
 Timmons contends that he had already served his "fixed" legal sentences before he was resentenced. The basis of his contention is that the Indiana Supreme Court's decision vacating the enhancement automatically left him with a total five-year sentence for the underlying offenses. Considering his good time, he calculates that he was eligible for parole after two and one-half years in prison, beginning with the time credited for his pre-sentence confinement, and that, in any event, he had served his two-year sentence on the theft conviction. Therefore, his argument goes, he had completed his punishment before resentencing, when he was punished a second time for the same offenses in violation of the double jeopardy clause. See United States v. Halper, 490 U.S. 435, 440 (1989) (double jeopardy clause protects against being punished two times for the same offense). Because his sentence was a total of 35 years until the trial court resentenced him, Timmons' argument that he had completed his legal punishment before resentencing fails.
 
 
 11
 Similarly, Timmons argues that he was given harsher sentences on his burglary, theft, and attempted burglary convictions at resentencing in violation of the double jeopardy and due process clauses. The district court found that Timmons' second sentence was not harsher than the first because the illegal habitual offender enhancement could be included in its overall calculation. Timmons, however, asserts that because the habitual offender enhancement was vacated, the district court should have only considered the sentences for the underlying offenses in its calculation. As noted above, on remand a court may try to effectuate the intent of the original sentencing scheme without violating the double jeopardy clause. Shue, 825 F.2d at 1115. Therefore, we agree with the district court that the second sentence was not harsher than the first.[2]
 
 
 12
 For all of the above reasons, the district court's denial of the writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Pursuant to Fed.R.App.P. 43(c)(1), Thomas D. Richards is substituted for Jack R. Duckworth
 
 
 **
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Indiana Supreme Court made no mention of the theft conviction. In a later opinion, the Court concluded that this omission was simply an oversight and that the trial court correctly resentenced Timmons on all of the sentences. Timmons v. State, 534 N.E.2d 234, 235 (Ind.1989)
 
 
 [2]
 We need not address Timmons' due process argument that the trial judge was motivated by vindictiveness in resentencing him to a harsher sentence. See Pearce, 395 U.S. at 725 (due process requires that the resentencing judge may not vindictively increase a defendant's sentence because the defendant exercised his right to appeal)