**Roger POWERS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 23A01–9101–PC–23.

Court of Appeals of Indiana,
First District.

Sept. 25, 1991.

Transfer Denied Dec. 2, 1991.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Roger Powers appeals the denial of his petition for post-conviction relief following his conviction for two counts of Burglary,[1] one Class B felony and one Class C felony. We reverse and remand.

## ISSUE

Are Powers's convictions on retrial void because the trial court lacked jurisdiction since the State's petition for rehearing challenging the reversal of his original convictions was still pending before the Indiana Supreme Court when the convictions on retrial were obtained?

1. IND.CODE § 35–43–2–1.

## FACTS

The facts relevant to this appeal are largely procedural and generally undisputed. On July 13, 1989, the Indiana Supreme Court vacated Powers's convictions for two counts of burglary. 540 N.E.2d 1225. On August 2, 1989, both Powers and the State filed petitions for rehearing in the Indiana Supreme Court. On September 20, 1989, the clerk of the supreme court certified that court's opinion to the trial court in which Powers was originally convicted. On September 21, 1989, the Indiana Supreme Court denied Powers's petition for rehearing.

On December 12 and 13, 1989, Powers was retried and convicted again of the two burglary counts and sentenced on December 14, 1989. On February 14, 1990, the Indiana Supreme Court denied the State's petition for rehearing. On June 28, 1990, on Powers's motion, the Court of Appeals ordered that Powers's appeal of his December 1989 burglary convictions be terminated and the cause remanded to the trial court so that Powers could file a petition for post-conviction relief.

On July 25, 1990, Powers filed his petition for post-conviction relief alleging that the trial court had lacked jurisdiction to retry him in December of 1989. On October 25, 1990, the trial court denied Powers's petition for post-conviction relief.

Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, Section 5; *St. John v. State* (1988), Ind. App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, Powers must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.* The post-conviction court is the sole judge of the weight of the evidence

and the witnesses' credibility. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251. We find that Powers has sustained his burden.

When an action is pending in the Indiana Supreme Court, the entire cause is removed from the trial court to the supreme court, thus depriving the trial court of any further jurisdiction over the action. *Hudson v. Hudson* (1985), Ind.App., 484 N.E.2d 579, 581. Any action taken by a lower court when an action in the same cause is pending in the supreme court is void for lack of jurisdiction. *Timmons v. State* (1989), 543 N.E.2d 642, 643. We find the reasoning in *Timmons* applicable here.[2] In *Timmons*, while the defendant's appeal was pending in the Indiana Supreme Court, the trial court conducted a sentencing hearing and a hearing on an habitual offender charge. The supreme court found that all actions in the trial court conducted during the pendency of the appeal were void. *Id.* The court remanded, instructing the trial court to expunge its record purporting to resentence the defendant pursuant to his determined habitual offender status. *Id.*

Like the defendant in *Timmons*, Powers's case involved an action pending in the Indiana Supreme Court during which the trial court purported to take further action regarding Powers. In *Timmons*, the pending action was an appeal; in Powers's case, it was a petition for rehearing. However, that difference is not dispositive. Both involved actions taken by a trial court which was without jurisdiction to take such actions because of pending proceedings in the Indiana Supreme Court. We adopt the *Timmons* court's reasoning and find that Powers's retrial and subsequent conviction were void. *See Hossman v. State* (1988), Ind.App., 525 N.E.2d 340, 342 (trial court was without jurisdiction to amend sentence where appellate process regarding conviction was not yet complete); *Fields v. State* (1979), 179 Ind.App. 421, 423, n. 2, 386 N.E.2d 184, 185, n. 2, *trans. denied* (appel-

late tribunal retains jurisdiction of a cause until after the time has expired for the filing of a petition for rehearing or until after a ruling is made on a petition for rehearing); Ind. Appellate Rule 11(A) (1979); *cf. Jordan v. State* (1990), Ind.App., 549 N.E.2d 382, 384, *trans. denied* ("Where a court has jurisdiction of the subject matter and of the person ..., and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however erroneous it may be.").

Our decision comports with ideals of judicial comity. Jurisdiction must be viewed formalistically to effect the orderly presentation and disposition of appeals and prevent the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing a single action. *Coulson v. Indiana and Michigan Electric Co.* (1984), Ind., 471 N.E.2d 278, 279; Ind.App.R. 3(A) (1984). This policy furthers the judicial goals of economy and efficiency.

We find the State's argument that the trial court reacquired jurisdiction because the clerk's office erroneously certified the supreme court's opinion to the trial court unpersuasive. Concurrent jurisdiction or alternatively indulging the supreme court only "limited jurisdiction," as the post-conviction court's conclusions of law assert (Record at 31), are both inconsistent with the goals of efficiency and comity which our judicial system strives to achieve. It is unfortunate that the supreme court's opinion was mistakenly certified to the trial court; such error does not, however, deprive the defendant of his right to an orderly proceeding according to procedural mandates. *Cf. Smith v. State* (1990), Ind.App., 558 N.E.2d 841, 844, *trans. denied; Skendzel v. Marshall* (1975), 263 Ind. 337, 339, 330 N.E.2d 747, 749.

---

**2.** We disagree with the State's contention that the judgment contained in *Timmons* is incorrect; moreover, the authorities to which the State cites in refuting the holding in *Timmons* are unpersuasive. *See Mann v. Mann* (1988), Ind.App., 528 N.E.2d 821, 822, *trans. denied.*

*Mann* discusses the interaction between subject matter jurisdiction and jurisdiction over the case in the context of an Ind. Trial Rule 60(B) motion; *Mann* does not involve the transfer of jurisdiction between trial and appellate courts.

The State also argues that Powers waived his right to assert lack of jurisdiction in the trial court to retry him because he failed to object to or challenge the trial court's power on remand. We are similarly unpersuaded by this contention, especially in view of Powers's attorney's testimony that he was unaware of the pending petition in the supreme court at the time of retrial. Record at 39. We cannot accept the State's proposal that we require all clients and thus their attorneys, to be omniscient regarding all of the motions and actions possibly pending in a particular cause of action. Additionally, we note that in *Hossman*, 525 N.E.2d at 343, this court placed the burden of informing the trial court of pending proceedings in that case on the State. This rule does not have the broad application that Powers urges, but regardless of the dicta in *Hossman*, Powers's convictions on retrial are invalid. *See Hudson, Timmons.*

Despite our deferential standard of review, we find that the trial court lacked jurisdiction on retrial and Powers's second trial was void. We, therefore, reverse and remand for a new trial.

Reversed and remanded.

BAKER and BUCHANAN, JJ., concur.