**John B. MOORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–9702–PC–94.

Court of Appeals of Indiana.

Oct. 9, 1997.

Ross G. Thomas, Dillon Law Office, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Indianapolis, for Appellee–Plaintiff.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

John Moore appeals the denial of his petition for post-conviction relief from his convictions, entered after a guilty plea hearing, of dealing in a schedule II controlled substance and conspiracy to deliver a schedule II controlled substance, both class B felonies.

We reverse and remand.

*ISSUE* [1]

Whether the trial court lacked jurisdiction to vacate Moore's conviction and sentence and reinstate his original charges.

---

**1.** Moore also alleges that his subsequent consecutive sentences violate double jeopardy principles. Because we find that the trial court exceeded its jurisdiction when it vacated Moore's original convictions and sentence and reinstated his original charges, we do not reach whether Moore's subsequent convictions and sentence violate principles of double jeopardy.

## STATEMENT OF FACTS

The facts in the light most favorable to the post-conviction court's judgment reveal that the State charged Moore with four counts of dealing in a controlled substance, as class B felonies; one count of dealing in a schedule II controlled substance within 1,000 feet of school property, as a class A felony; and one count of conspiracy to deliver a schedule II controlled substance, as a class B felony. On August 20, 1990, pursuant to a written plea agreement, Moore pleaded guilty to one count of dealing in a schedule II controlled substance and one count of conspiracy to deliver a schedule II controlled substance.

Under the plea agreement, the State agreed to recommend that Moore receive a 15–year sentence on each count with the sentences to run concurrently. In exchange for the State's recommendation, Moore agreed

> to give a sworn cleanup statement to a member of the Evansville Police Department, Narcotics Unit and/or the Prosecutor's Drug Law Enforcement Program concerning his knowledge of the distribution of Controlled Substances in the Tri–State area before sentencing . . . .

(R. 243). In addition, Moore agreed "to make himself available to the State of Indiana at any reasonable time for trial and/or Grand Jury preparation and testimony and . . . to testify fully and truthfully at said proceedings." (R. 243). Finally, Moore acknowledged that "the above conditions must be met fully and to the satisfaction of the Prosecutor's Office in the County of Vanderburgh or the sentencing recommendation and plea agreement [would] be void and [Moore would] face the charges against him . . . ." (R. 244).

On January 23, 1991, the trial court held a sentencing hearing, without objection by the State, at which it sentenced Moore pursuant to the terms of the plea agreement, dismissed the remaining four counts upon motion by the State, and ordered Moore into the custody of the Department of Correction to begin serving his 15–year sentence. At the time of sentencing, January 23, 1991, the individuals against whom Moore had agreed to testify had yet to stand trial, so that it was impossible for Moore to have completed all of the terms of the agreement by that date.

On or about May 24, 1991, Moore indicated in a deposition that he would not testify at the trials of the specified individuals because of threats made against him and his family. The trial court held a hearing on June 27, 1991, at which the State made an oral motion to withdraw its sentencing recommendation and to vacate, set aside and expunge the record of Moore's previous guilty plea and sentences. The trial court granted the State's motion, vacated the State's sentencing recommendation, expunged Moore's guilty plea hearing and sentence, and reinstated all charges against Moore.

On November 6, 1991, Moore again pleaded guilty to dealing in a schedule II controlled substance and conspiracy to deliver a schedule II controlled substance, and the State agreed to dismiss the remaining counts. The trial court sentenced Moore to 20 and 10–year executed terms on the dealing and conspiracy counts, respectively. On May 17, 1996, Moore filed a petition for post-conviction relief. After an evidentiary hearing, the post-conviction court entered findings of fact and conclusions of law denying the petition. This appeal ensued.

## DECISION

■ To obtain post-conviction relief, a petitioner must establish his claims by a preponderance of the evidence. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993); Ind. Post–Conviction Rule 1, § 5. When appealing from a denial of relief, a petitioner stands in the position of one appealing from a negative judgment. *Fleenor v. State*, 622 N.E.2d 140, 142 (Ind.1993), *cert. denied* 513 U.S. 999, 115 S.Ct. 507, 130 L.Ed.2d 415. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion, that the decision will be disturbed for being contrary to law. *Id.* On appeal, we examine only the probative evidence which supports the post-conviction court's judgment, along with any reasonable inferences from that evidence. *Butler v. State*, 658 N.E.2d 72, 75 (Ind.1995). Further, the post-

conviction court, as trier of fact, is the sole judge of the evidence and the credibility of the witnesses. *Weatherford,* 619 N.E.2d at 917.

Relying on *Dier v. State,* 524 N.E.2d 789 (Ind.1988), Moore contends that the trial court had no jurisdiction to vacate his sentences and reinstate his original charges after the trial court had accepted his guilty plea, sentenced him, and transferred jurisdiction to the Indiana Department of Correction. We must agree.

In *Dier,* the trial court originally sentenced Dier to an aggregate term of 154 years. Dier entered into an agreement with the State whereby he agreed to testify against Ben Thomas. The trial court, upon the motion of the State, resentenced Dier to an aggregate term of 30 years based upon his cooperation as a witness against Thomas. Dier subsequently recanted his trial testimony in a post-conviction relief action filed by Thomas. On motion by the State, the trial court vacated Dier's resentencing of 30 years and reinstated his 154-year sentence. Our supreme court reversed the trial court's decision and stated in part as follows:

> With very little exception, a trial judge has no authority over a defendant after he pronounces sentence. The jurisdiction over the defendant goes to the Department of Correction.... There is no authority for a trial court to reopen a sentencing almost five years after its imposition and at the instance of the State to change that sentence as the trial court did here.

*Id.* at 790 (citations omitted). The supreme court rejected the State's argument that Dier committed fraud on the State and the court and breached his contract made with the State, reasoning as follows:

> Whatever merit there is to this contention fails to give jurisdiction to the trial court. Dier was legally sentenced by the court ... for the crimes for which he was found guilty and that cannot now be changed. If he has committed additional crimes for which he deserves punishment, those will have to stand on their own weight.

*Id.*

Similar to Dier, Moore entered into a binding agreement with the State. Moore, like Dier, was legally sentenced for crimes for which he was found guilty based upon the agreement with the State. Further, Moore, like Dier, materially breached his agreement with the State after he was sentenced. Finally, in both cases, the trial court vacated the defendant's sentence *after* he had begun serving his sentence under the jurisdiction of the Department of Correction.

The State claims that *Dier* is factually distinguishable from the present case. First, the State argues that *Dier* did not involve a plea agreement but rather an agreement to modify an original sentence. Next, the State argues that *Dier* is distinguishable because the trial court reopened Dier's sentence almost five years after its imposition, whereas "the trial court's decision to expunge [Moore's] sentence occurred only six months after his initial sentence." Appellee's Brief, at 8. In our opinion, the State presents distinctions that are insignificant to the holding in *Dier.* We fail to find any language in *Dier* suggesting that jurisdiction over a criminal defendant is affected by the type of agreement or by the timing of the reopening of a sentence after its imposition. *Dier* is controlling in the present case.

The State has failed to cite, nor have we found, any Indiana law which grants a trial court jurisdiction over a defendant after it pronounces sentence based upon a breach of a plea agreement. We are, therefore, compelled to conclude that Moore's action of breaching the plea agreement did not, by itself, give the trial court jurisdiction to vacate Moore's convictions and sentences and to reinstate his original charges.

Reversed and remanded for proceedings consistent with this opinion.

RILEY and KIRSCH, JJ., concur.