## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2019, 7:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gary Amick
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Amick,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

March 29, 2019

Court of Appeals Case No.
18A-CR-2371

Appeal from the Scott Circuit Court

The Honorable Roger L. Duvall, Judge

Trial Court Cause No.
72C01-1512-F5-63

**Bailey, Judge.**

# Case Summary

Pro-se Appellant Gary Amick ("Amick"), who is incarcerated in the Indiana Department of Correction ("the DOC"), appeals the denial of his "Verified Petition for Examination for Treatment."[1] Amick presents the sole issue of whether the trial court erred in deferring to the DOC upon Amick's claim that he was eligible for a post-conviction substance abuse examination. We affirm.

# Facts and Procedural History

On August 1, 2016, Amick pled guilty to a Level 5 felony possession of a handgun without a license under cause number 72C01-1512-F5-63 and a Class C felony dealing in a scheduled IV controlled substance under cause number 72C01-1405-FA-7. Pursuant to Amick's plea agreement with the State, twelve other counts against Amick were dismissed, a petition to revoke a suspended sentence in another case was dismissed, and Amick received two consecutive sentences of four years. The plea agreement provided that the fixed terms were to be fully executed in the DOC.

At the sentencing hearing on September 12, 2016, Amick's counsel requested a recommendation to the DOC that Amick be allowed to participate in a purposeful incarceration program. The prosecutor responded that the State was not specifically agreeing to a sentence modification that would be contingent

---

[1] *See* App. Vol. II, pg. 23.

upon completion of the purposeful incarceration program, but continued, "I guess if we could maybe put it at the end of his sentence." (Tr. Vol. II, pg. 15.) The trial court advised Amick that, after Amick served eighteen months, the trial court would request a progress report from the DOC, and "if things look good from participation up there, then I can make the modification, put on the order saying you can participate in purposeful incarceration." *Id.* at 16.

[4] On October 14, 2016, Amick filed a motion requesting that the trial court recommend purposeful incarceration. On May 23, 2017, the trial court received and reviewed a progress report from the DOC. At that time, Amick had begun participation in a therapeutic community program and the trial court made an entry into the Chronological Case Summary ("CCS") indicating "it is in Defendant's best interest to complete that program before consideration of a modification of sentence." (App. Vol. II, pg. 11.)

[5] On January 15, 2018, Amick filed a notice of completion of his therapeutic community program, a "motion for order of evaluation," a motion for court ordered evaluation, and a motion for modification of sentence. *Id.* at 13 – 14. On January 23, 2018, the trial court issued an order granting the motion for a court-ordered evaluation.[2] On February 16, 2018, after the State filed its

---

[2] The CCS does not specify the legal authority upon which the order is based or the scope of the court-ordered evaluation. It is not evident from the record that the evaluation was in fact conducted.

response, the trial court denied Amick's petition for sentence modification. Amick appealed. A panel of this Court affirmed the denial, concluding:

> The plea agreement that Amick and the State agreed to, and the trial court accepted, provided for a fixed sentence of eight years. No other sentence was authorized by the plea agreement. Therefore, the trial court could not modify Amick's sentence because the eight-year sentence was the only one it was authorized to impose.

*Amick v. State*, No. 18A-CR-1027, slip op. at 2 (Ind. Ct. App. Nov. 8, 2018). Amick petitioned for transfer to the Indiana Supreme Court, and that petition is pending.[3]

[6] Before the appellate opinion was handed down, Amick filed a series of motions in the trial court. On August 20, 2018, he filed a "Verified Petition for Placement in the Post-Conviction Forensic Diversion Program – Stay of Execution of Sentence." (App. Vol. II, pg. 20.) The motion was summarily denied, as was Amick's motion to reconsider. On September 11, 2018, Amick filed his "Motion for Evaluation and Placement into Addiction Treatment." *Id.* at 21. On September 17, 2018, Amick filed his "Verified Petition for Examination for Treatment." *Id.* The trial court denied the motion, making the following CCS entry:

---

[3] On February 25, 2019, the Indiana Supreme Court granted Amick's motion to allow the filing of a belated petition to transfer.

> Defendant having filed his Petition for Examination for
> Treatment, Court now denies Defendant's Petition and finds that
> Treatment and program issues should be the decision of the
> Department of Corrections at this time.

*Id.* Amick now appeals.

# Discussion and Decision

As a threshold matter, we address the State's request that Amick's appeal be dismissed on res judicata grounds. "An issue which previously has been raised and determined adverse to the appellant's position is res judicata." *Arthur v. State*, 663 N.E.2d 529, 531 (Ind. 1996). The State asserts that, regardless of how Amick described the motion addressed by the order now on appeal, his ultimate intent is to secure a sentence modification. Amick's petition to the trial court included the following prayer for relief:

> Defendant, pro-se, hereby respectfully requests this Court to find
> him eligible for treatment, grant his request for treatment, certify
> to the Division of Mental Health that he may request treatment,
> order his examination by the Division pursuant to I.C. 12-23-7-3,
> and for all other relief just and proper in the premises.

(App. Vol. II, pg. 25.) The trial court's order solely addressed the request for an examination, finding that decision to be within the purview of the DOC. To the extent that Amick argues on appeal that he is entitled to a change of placement, we do not address the matter, as his claim that he should have received sentence modification is pending in another court. We consider only

whether Amick was entitled to have the trial court order his examination by the Division of Mental Health and Addiction ("the Division"). *See* Ind. Code § 12-21-1-1.

[8] In his pro-se motion, Amick requested that the trial court order his examination "pursuant to Indiana Code 12-23-6.1-1, 12-23-8.1-(1) (2) (3), & 12-23-10.1-(1) (2) & (3)." (App. Vol. II, pg. 23.) On appeal, Amick does not address Indiana Code Section 12-23-10.1, which permits "an individual who believes the [defendant] is a drug abuser" to request treatment. He presents cursory arguments as to the other statutory provisions.

[9] Indiana Code Section 12-23-6.1-1, captioned "Request for treatment in lieu of prosecution or imprisonment," permits a convicted felon who is a drug abuser to request treatment under the supervision of the Division, unless certain conditions exist (such as the offense is a forcible felony, or the person was admitted to a specified treatment program on two or more occasions within the preceding two years). On appeal, Amick develops no argument beyond asserting that he has an addiction issue and is not subject to one of the exclusionary conditions.

[10] Amick also claims that he "meets the criteria set forth under Indiana Code 12-23-8.1-3." Appellant's Brief at 8. According to Amick, he "clearly has an addiction issue that needs to be addressed" and "[u]nder Title 12, the legislative body has provided the Courts an avenue to allow treatment even after a conviction has been deemed." *Id.*

Indiana Code Section 12-23-8.1-3, part of a chapter captioned "Treatment and Probation Following Criminal Convictions," provides:

> If an individual requests to undergo treatment or is certified for treatment, the court may order an examination by the division to determine whether the individual is a drug user or an alcoholic and is likely to be rehabilitated through treatment.

Indiana Code Section 12-23-8.1-4 provides:

> The court may deny the request if after conducting a presentence investigation the court finds that the individual would not qualify under criteria of the court to be released on probation.

A trial court generally has no authority over a defendant after sentencing. *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014). After issuing a sentencing order, which is a final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule. *State v. Porter*, 729 N.E.2d 591, 592 (Ind. Ct. App. 2000). Instead, after a sentence is pronounced, jurisdiction over the defendant goes to the DOC. *Dier v. State*, 524 N.E.2d 789, 790 (Ind. 1988).

To the extent that Amick claims Indiana Code Sections 12-23-6.1-1 and 12-23-8.1-3 confer continuing jurisdiction upon the trial court, we observe that "statutory interpretation is a question of law and determinations in that regard are subject to de novo appellate review." *Higgins v. State*, 855 N.E.2d 338, 341 (Ind. Ct. App. 2006). Our primary goal is to ascertain the legislature's intent and we look first to the statutory language itself and give effect to the plain and

ordinary meaning of the terms. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). "[W]e will not read into the statute that which is not the expressed intent of the legislature. As such, it is just as important to recognize what the statute does not say as it is to recognize what it does say." *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002) (citation omitted).

[14] In context, the statutes identified by Amick provide options to the trial court after a defendant has been convicted but before a sentence is imposed. The language employed does not include a mandatory term such as "shall." Nor is there language suggesting applicability post-sentence. Although the Legislature can permit retention of continuing jurisdiction in a specific area, *see* Indiana Code Section 35-38-1-17 (the sentence modification statute), there is no language suggesting that it chose to do so with respect to post-sentencing physical or mental examinations. The trial court did not err in concluding that the decision whether to so examine Amick is within the province of the DOC.

[15] Affirmed.

Riley, J., and Pyle, J., concur.